# Bloomer *v.* Snellenburg, Appellant.

*Negligence—Department store—Obstruction of aisle—Contributory negligence.*

Where the owner or occupier of premises, in the prosecution of his own purposes, invites another to come upon the premises, he cannot with impunity expose the visitor to an unreasonable risk of any sort.

A person walking in the aisle of a large store, where goods are exposed on all sides for inspection and sale, is not required to exercise the same degree of caution to watch for obstructions on the floor, as he would be required to exercise as if he were walking upon a public highway.

In an action by a woman against the proprietor of a department store to recover damages for personal injuries, it appeared that the plaintiff entered the store for the purpose of making purchases. While walking along one of the principal aisles in the store she stumbled upon an obstruction or inequality in the passageway caused by an incline which passed from a floor at a higher level at the left side of the aisle to a point even with the passageway at or near the right side. The sides of the incline facing the direction from which those using the passageway approached were perpendicular, and varied in height from about eight inches at one side down to a point at the other. There was no guard rail or warning, and nothing to indicate to those passing, the presence of this obstruction upon the floor extending nearly across the aisle. *Held,* that the case was for the jury and that a verdict and judgment for the plaintiff should be sustained.

Argued March 25, 1908.  Appeal, No. 72, Jan. T., 1908, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. Term, 1906, No. 2,560, on verdict for plaintiff in case of Bridget D. Bloomer v. Nathan Snellenburg et al., trading as N. Snellenburg & Co.  Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ.  Affirmed.

Trespass to recover damages for personal injuries.  Before AUDENREID, J.

The facts are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $3,000, on which judgment was entered for $2,000, all above that amount having been remitted.

*Error assigned* was in submitting the case to the jury.

*George L. Crawford* of *Crawford & Loughlin*, for appellants.—Upon the plaintiff's testimony the facts as to how she stumbled are full and clear, and the questions of the defendant's negligence and her contributory negligence, upon her admitted testimony, are entirely of law and not of fact, to be disposed of by nonsuit or by binding instructions : Farley v. Traction Co., 132 Pa. 58 ; Strayline v. Phila., 15 Pa. Dist. Rep. 387 ; Robb v. Connelsville Borough, 137 Pa. 42 ; McIlhenney v. Phila., 214 Pa. 44 ; Decker v. East Washington Borough, 21 Pa. Superior Ct. 211 ; Sickels v. Phila., 209 Pa. 113 ; Wall v. Lit, 195 Pa. 375 ; Seddon v. Bickley, 153 Pa. 271 ; Green v. R. R. Co., 214 Pa. 240 ; Hart v. Grennell, 122 N.Y. 371 (25 N. E. Repr. 354) ; Diver v. Singer Mfg. Co., 205 Pa. 170 ; Howell v. Union Traction Co., 202 Pa. 338; Crocheron v. Ferry Co., 56 N. Y. 656 ; Larkin v. O'Neill, 119 N. Y. 221 (23 N. E. Repr. 563).

*Arthur S. Arnold*, with him *John D. Bloomer*, for appellee.—The circumstances surrounding this woman at the time of the accident make it a case for the jury. There was no legal negligence on her part. She testified she was giving due attention to her progress through the store : Polenske v. Lit Brothers, 18 Pa. Superior Ct. 474 ; Quirk v. Siegel-Cooper Co., 43 App. Div. 464 (60 N. Y. Supp. 228) ; Hendricken v. Meadows, 154 Mass. 599 (28 N. E. Repr. 1054) ; Gardner v. Waterloo Cream Separator Co., 111 N. W. Repr. 316 ; Brown v. Stevens, 136 Mich. 311 (99 N. W. Repr. 12) ; Becker v. Philadelphia, 212 Pa. 379.

OPINION BY MR. JUSTICE POTTER, April 20, 1908 :

The plaintiff in this case entered the department store of the defendants for the purpose of making purchases. While walking along one of the principal aisles in the store, she stumbled upon an obstruction or inequality in the passageway, caused by an incline which passed from a floor at a higher level at the left side of the aisle, to a point even with the passageway, at or near the right side. The sides of the incline facing the direction from which those using the passageway approached were perpendicular, and varied in height from about eight inches at one side down to a point at the other. There

was no guard rail or warning, and nothing to indicate to those passing, the presence of this obstruction upon the floor, extending nearly across the aisle.    Plaintiff charges that the placing of such an unguarded obstruction in the passageway was not a reasonable thing to do, and therefore constituted negligence. It is certainly true that where the owner or occupier of premises, in the prosecution of his own purposes, invites another to come upon the premises, he cannot with impunity expose the visitor to an unreasonable risk of any sort, as, for example, to an open hole in a passageway, or to a rope or other obstacle stretched across the aisle, liable to trip the foot.    Had the obstacle in this case been of so pronounced a character, no one could question its unreasonableness.

The learned trial judge was of the opinion that under the facts established by the evidence, with regard to the location and character of the obstruction, negligence might be inferred from its existence, and in a very careful charge pointing out that the defendants were bound to do what people of ordinary good judgment and common sense would do, and to refrain from doing that which people of common sense, under all the circumstances, would not do, he left it to the jury to say whether, judged by that standard, the maintenance of the incline in the form in which it was constructed was a careless thing.    We think he was right in so doing.    So, also, as to the question of contributory negligence upon the part of the plaintiff.    That, under the circumstances, was properly left to the jury as a question of fact.    Counsel for appellant argued strongly for the application to this case of the more rigid rule which properly governs one walking upon the public highway. But the circumstances are entirely different.    Customers are invited into a store, and to walk along the aisles where goods are displayed upon every hand for the very purpose of catching the eye and attracting the attention of those who use the passageways.    It is not reasonable to expect that the same degree of attention shall be bestowed upon the placing of the feet, under such circumstances, as would properly be required outside upon the public highway.    The passageway ought to be kept reasonably clear for the use of those who at the time are expected to be, to some extent, using their eyes in the inspection of goods and merchandise spread before them for that

purpose. It may·be that the plaintiff, while looking at the goods around her rather than at the floor at her feet in search of obstacles, was not using the caution which reasonably prudent persons would be expected to use under the circumstances, but that was a question of fact for the jury, and not of law ·for ·the court. It was carefully submitted to the jury in a charge to which no· exception was taken by the defendants. ·Counsel for· appellants complain only of the refusal of binding instructions in favor of defendants. To have given such instructions in this case would have been an invasion of the province of the jury.

The assignments of error are overruled and the judgment is affirmed.