(112 So. 491)

No. 24355.

### CAMPBELL v. DEVILLE.

Feb. 27, 1922. On the Merits, March 28, 1927.

*(Syllabus by Editorial Staff.)*

#### On Motion to Dismiss.

1. **Appeal and error ⊛627(1)—Where appellant failed to file transcript timely, Supreme Court did not lose all right to pass on appeal (Code Prac. arts. 590, 884).**

Where appellant failed to file transcript timely, Supreme Court did not lose all right to pass on appeal, since appellee by such failure acquired right to bring record up and move for dismissal of appeal or pray for judgment, in view of Code Prac. arts. 590 and 884.

2. **Appeal and error ⊛628(3)—Appellee having prayed for increase in judgment after appellant's failure to timely file transcript cannot have appeal dismissed.**

Where appellant failed to file transcript timely and appellee availed herself of appeal by praying for increase in judgment, thereby virtually joining in it, she is precluded from subsequently having appeal dismissed.

#### On the Merits.

3. **Malicious prosecution ⊛64(2)—Evidence held to show charge of assault was without probable cause.**

In action for malicious prosecution resulting from defendant's action in charging plaintiff with assault with dangerous weapon, evidence *held* to show that such charge was without probable cause.

4. **Malicious prosecution ⊛69—$250 for malicious prosecution held excessive and reduced to $100, where plaintiff was not arrested.**

$250 *held* excessive and would be reduced to $100 for malicious prosecution, where plaintiff was never actually arrested, notwithstanding that plaintiff was frail woman, delicate in health, and of nervous and excitable nature.

Appeal from Sixteenth Judicial District Court, Parish of Evangeline; B. H. Pavy, Judge.

Action by Florence Campbell against Hawkins Deville. Judgment for plaintiff, defendant appeals, and plaintiff answers the appeal. Judgment reduced and affirmed.

L. Austin Fontenot, of Ville Platte, and John W. Lewis, of Opelousas, for appellant.

A. H. Garland, of Opelousas, and A. P. Garland, of Shreveport, for appellee.

#### On Motion to Dismiss.

OVERTON, J. The defendant was condemned by judgment rendered in the court below to pay plaintiff $250 as damages, with legal interest from the date of judgment till paid. The defendant was then granted an appeal returnable to this court on June 1, 1920, but failed to file the transcript until November 22, 1920. No extension of time was granted him within which to file it. On December 2, 1920, plaintiff and appellee filed an answer to the appeal, complaining that she was not compensated sufficiently by the judgment appealed from and praying that it be increased from $250 to $5,000, or to so much of the latter amount as this court may think should be allowed. On January 9, 1922, plaintiff and appellee filed the motion to dismiss the appeal, now under consideration, urging, as ground for its dismissal, the fact that the transcript was not filed in this court until several months after the expiration of the return day.

[1, 2] When appellant failed to file the transcript timely, this court did not lose all right to pass on the appeal, for the appellee, by this failure, acquired the right to bring the record here and to move for the dismissal of the appeal, or to pray for judgment, in the same manner as if the record had been brought up by the appellant. C. P. arts. 590 and 884. The appellee, however, did not elect to pursue either of these courses, but instead, when the appellant did file the transcript, she availed herself of the appeal by praying for an increase in the judgment, thereby virtually joining in the appeal. This

precludes her from now dismissing the appeal. Michel v. Meyer, 27 La. Ann. 173; Jones v. Shreveport, 28 La. Ann. 835; Jacobs v. Yale & Bowling, 39 La. Ann. 359, 1 So. 822; Claflin & Co. v. Lisso & Scheen, 31 La. Ann. 171.

It is therefore ordered and decreed that the motion to dismiss be overruled.

### On the Merits.

THOMPSON, J. [3] This is a suit for damages for a malicious prosecution, or for causing the arrest of the plaintiff without probable cause. The court below awarded the plaintiff $250.

It appears that the defendant and a brother of the plaintiff had a difficulty in front of plaintiff's house.

As a sequence of this difficulty the defendant was arrested for assault and battery and pleaded guilty to the charge. The charge against defendant was made by his adversary in the difficulty.

The defendant then made an affidavit and caused the arrest of the plaintiff together with her brother, charging them with assaulting him with a dangerous weapon.

The grand jury investigated the charge against the plaintiff and returned not a true bill.

It is conceded that the plaintiff called to her husband to separate the defendant and her brother, and that the husband took no greater part in the difficulty than that of separating the combatants.

There is a decided conflict in the evidence as to whether the plaintiff did any more than

163 LA.—19

to call on her husband to take the defendant off of her brother.

The evidence clearly shows however that the plaintiff did not make any assault on the defendant, either with her hands or with a dangerous weapon as was charged against her in the affidavit.

The trial judge after hearing all of the witnesses found that the charge against the plaintiff was without probable cause, and we agree with him. We think, however, that, in view of all the circumstances of the case, the amount allowed plaintiff is excessive.

[4] There was only a constructive arrest under the charge made against her. She was never actually arrested and was never taken charge of by the constable. That officer went to plaintiff's house, and found her in bed, sick. He informed plaintiff's husband that he had a warrant for the arrest of plaintiff, and that information was conveyed by the husband to the plaintiff.

The constable was assured that as soon as plaintiff was able to do so she would go to the office of the justice of the peace and furnish bond, and this she did a few days after she was notified of the warrant.

The plaintiff was a frail woman, delicate in health, of a nervous and excitable nature, and possibly suffered occasional hallucinations, but we are not impressed from the evidence that this condition was superinduced by the charge made against her by the defendant.

The judgment appealed from is reduced to the sum of $100, and, as thus amended, is affirmed. The costs of appeal to be paid by plaintiff.