ESSIE ETTA LANGLEY vs. F. W. WOOLWORTH COMPANY.

DECEMBER 9, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)  *Evidence.  Harmless Questions.*

While sometimes the mere asking of improper questions may create a preju-
dice so great as to vitiate a verdict, where the question is harmless its effect
is not prejudicial.

(2)  *Duty of Storekeeper to Customer.  Negligence.*

The duty of a storekeeper to an invitee or business visitor is to use reasonable
care to keep the premises in a safe condition for the purposes of the in-
vitation.

(3)  *Bills of Exceptions.  Charge.*

A question cannot be raised on a bill of exceptions where no request for a
charge of such a nature was made and no exception taken to the charge as
given.

(4)  *Duty of Storekeeper to Customer.  Dangerous Premises.*

Where it appeared that peanuts and peanut shells were on the floor of a store,
somewhat ground into the floor; and that thousands of persons passed in
and out in the course of a day, the court cannot say as a matter of law that
their presence did not constitute a source of danger.

(5)  *Duty of Storekeeper to Customer.*

A customer may assume that the floor of a store will be free from obstructions
of a dangerous nature or unusual slippery spots.  While a customer
may not walk blindly along, irrespective of obvious danger, she is not
charged with negligence as a matter of law merely because she happens to
fall on a slippery spot in a crowded and busy store.

(6)  *Duty of Storekeeper to Customer.  Question for Jury.*

Where the negligence of the customer who fell and was injured in a store,
was not the only inference to be drawn from the fall, the question was
properly submitted to the jury whether the customer under the circum-
stances was paying reasonable attention to the dangers that might exist
on the floor upon which she was walking.

(7)  *Negligence.  Question for Jury.*

Whether peanuts and shells somewhat ground into the floor of a store upon
which a customer claimed to have fallen, were the same peanuts seen by
a witness at a time prior to the accident, was properly left to the jury,
because an inference that they were the same could be justified from their
ground in and scattered condition.

*(8)   Negligence.   Question for Jury.*

Where there was no evidence except the presence of peanuts on the floor of a store and the mark on the floor among them from which to deduce the cause of the fall, by a customer, an inference that they caused the fall could be reasonably drawn from the evidence and the question was one for the jury.

*(9)   Negligence.   Notice.   Duty of Storekeeper to Customer.*

Time alone cannot be made the test of constructive notice to a storekeeper of the dangerous condition of his floor.   What might be a reasonable time will depend upon a great variety of circumstances.

*(10)   Negligence.   Notice.   Duty of Storekeeper to Customer.*

Where peanuts and shells somewhat ground in, had been on the floor of a store in and out of which thousands of persons passed in a day, for a hour and ten minutes, and defendant's evidence was that if seen they would have been at once removed and that three employees were constantly traveling through the aisles and that their duties called upon them to be on the watch for substances of that nature; it was not error to refuse to direct a verdict for defendant, because on the evidence it could be found that defendant ought to have known of the presence of danger and removed it.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of defendant and overruled.

BARROWS, J.   Action for negligence.   Heard on exceptions to refusal of the trial court to direct a verdict for the defendant, to grant a new trial after a $7,000 verdict for plaintiff and because of alleged error in admitting certain evidence over defendant's objection.

Defendant conducts a large five and ten cent store on Westminster, Dorrance and Fulton streets in Providence. There are eight entrances.   The floor is of wood, the store well lighted, and the aisles are eight to ten feet wide. Several thousand people pass in and out of the store daily and the peak of the day's business is reached at about four o'clock p. m.   At this hour on August 21, 1922, plaintiff, while shopping in the store, fell in front of a counter. Neither she nor anyone else testified explicitly as to the cause of the fall.   Defendant's assistant superintendent aided plaintiff to the rest room of the store and later she went home unattended.   Mrs. Maloney, a stranger to plaintiff, was shopping at a near by counter, heard the

bump, turned around and saw plaintiff being assisted to her feet. She went over, picked up plaintiff's handbag saw some "peanuts and peanut shells, perhaps a pint," that "had all been stepped on," "all crushed as though they had been walked over," and "almost ground into the floor". Plaintiff's skirt was torn at the knee and witness brushed therefrom some peanut shells. Mrs. Maloney also testified that on entering the store, at a time which she definitely fixed by other circumstances as three o'clock, she had noticed and walked around peanuts and peanut shells at the spot where plaintiff fell. There is no evidence how the peanuts or shells came to be upon the floor. Mrs. Maloney said that after plaintiff fell she "saw they were the same peanuts" and "had been crushed"; that she plainly saw the mark where plaintiff had "slipped" among the shells.

Defendant denied the presence of peanuts on the floor at or immediately after the fall. The store was swept in the morning and at noon and the assistant superintendent and two floor walkers, pursuant to their duties, were at all times patrolling the aisles where if they saw anything on the floor they "picked it right up", or called a porter who was always at hand to do so. These witnesses denied the possibility of a pint of peanuts remaining on the floor unobserved and unpicked up for an hour.

(1) The exceptions to the admission of evidence are untenable. The answers were harmless and while sometimes the mere asking of improper questions may create a prejudice so great as to vitiate a verdict, in this instance the four questions alone were not prejudicial.

(2) The duty of a storekeeper to an invitee or business visitor is to use reasonable care to keep the premises in a safe condition for the purposes of the invitation. *Norton* v. *Hudner*, 213 Mass. 257; *Ginns* v. *C. T. Sherer Co.*, 219 Mass. 18. The issue here argued is whether the evidence shows defendant did so and if not whether the plaintiff was in the exercise of due care. The jury was properly charged. The presence or absence of peanuts was the vital fact in dispute

at the trial. With the jury's finding buttressed by the trial court's approval this court accepts it as settled that whole peanuts, shelled peanuts and shells were on the floor where plaintiff fell, somewhat ground in and that there was among them a mark on the floor where plaintiff's foot had slipped. Defendant now urges that the presence of a pint of peanuts on the floor could not constitute a dangerous condition of the premises nor could a reasonable person possibly antici-pate injury to a customer therefrom; that no proof was offered by plaintiff of the dangerous nature of the spot where the peanuts were; that the question was really if and how long a dangerous condition had existed rather than how long

(3) the peanuts had been there. Whatever may be the merit of this claim it is a sufficient reply that there was no request for a charge of such a nature and no exception to the charge as given. The charge did impliedly guard defendant's rights in this respect because it twice contained a suggestion to the jury as to whether these peanuts were a dangerous substance. Counsel and court, however, all assumed that peanuts on the floor in front of a counter and likely to be walked upon by many persons in the course of an hour would constitute a source from which a dangerous condition

(4) might arise; that if left for a sufficient length of time de-fendant would be charged with constructive notice of their presence and if not removed within a reasonable time after such constructive notice defendant would be negligent. We can not say as a matter of law that the presence of peanuts did not constitute such a source of danger.

Plaintiff was not guilty of contributory negligence. The storekeeper invites the customer to look chiefly on the counters where are displayed the wares. The business of the customer is to see what goods are offered. She may assume that the floor will be free from obstructions of a dangerous nature or unusual slippery spots. This does not

(5) mean that the customer may walk blindly along irrespective of obvious danger. It does mean, that she is not to be charged with negligence as a matter of law merely because

she happens to fall on a slippery spot in a crowded and busy store. Negligence of the customer not being the only inference to be drawn from the fall, the question was properly submitted to the jury whether the plaintiff under the circumstances was paying reasonable attention to the dangers that might exist on the floor upon which she was walking. *Conaty* v. *Torghen*, 46 R. I. 447; *Ginns* v. *C. T. Sherer Co.*, *supra; Bloomer* v. *Snellenburg*, 221 Pa. St. 25.

Defendant urges that there was no clear evidence to prove that the peanuts caused plaintiff's fall and that there was no evidence that the peanuts upon which she fell were the same ones which Mrs. Maloney had seen an hour before; that for aught that appears they may have been dropped immediately before plaintiff fell. Whether the peanuts upon which plaintiff claimed to have fallen were the same peanuts seen by Mrs. Maloney at three o'clock was properly left to the jury because an inference that they were the same could be justified from their ground in and scattered condition. *Anjou* v. *Boston Elevated Ry. Co.*, 208 Mass. 273.

Was the jury warranted in drawing the further inference that plaintiff slipped upon these peanuts rather than that she fainted or tripped on her skirt. There was no evidence in the case except the presence of peanuts and the mark on the floor among them from which to deduce the cause of the fall. The mark could have come after a fall caused otherwise than by slipping on peanuts. While some members of the court have doubt whether the evidence warrants the inference that the peanuts caused the fall, a majority hold that such an inference reasonably could be drawn from the evidence and that the question was one for the jury. *Ginns* v. *C. T. Sherer Co.*, *supra; Anjou* v. *Boston Elevated Ry. Co.*, *supra.* Defendant urges that the jury inferred the cause from the fact of the fall and calls attention to cases holding correctly that the mere fact of a fall is not proof of negligence. *Spickernagle* v. *Woolworth Co.*, 236 Pa. St. 496; *Kipp* v. *Woolworth Co.*, 150 App. Div. 283; *Huey* v. *Gahlenbeck*, 121 Pa. St. 238; *Benedict* v.

*Potts*, 88 Md. 52. But defendant did not request such a caution in the charge and the charge as given fairly placed the question of causation before the jury.

The peanuts for an hour and ten minutes were on the floor. Under the circumstances was this a sufficient length of time from which the jury could charge defendant with constructive notice of their presence and opportunity to remove them. Defendant claims that in no case cited has presence of danger for so short a period as one hour been held sufficient to charge defendant with constructive notice. In *Burke* v. *National India Rubber Co.*, 21 R. I. 446, the court held that two or three hours was an insufficient time to furnish the basis of a finding that defendant constructively knew of the existence of a grease spot upon a mill floor. We do not think that time alone can be made the test of constructive notice to a storekeeper of the dangerous condition of his floor. What may be a reasonable time within which to say he should have known of and removed the danger will vary with the nature of the business, the size of the store, the number of customers, the nature of the dangerous substance, its location, frequency of travel over it, the probability of stepping upon it, the opportunity to see and remove it, the location of the danger with reference to aisles and counters, the light in the store, how the substance came to be upon the floor and other circumstances. In the present case defendant's evidence was that if seen the peanuts could and would have been at once removed and that three employees constantly were travelling through the aisles and that their duties called upon them to be on the watch for substances such as the peanuts in the present case. In most of the cases where verdicts have been directed for defendant no evidence has appeared of how long the danger existed. *Norton* v. *Hudner, supra*, is typical. It would have been error for the trial court in the case at bar to direct a verdict for defendant because on the description of their duties by defendant's own witnesses and that they performed these duties on the day in question, reasonable

men could find that defendant ought to have known of the presence of danger and removed it.

After argument on the motion for new trial several months were taken by the trial justice for study of the case and he prepared a painstaking rescript in which this court received the benefit of his judgment, and a careful estimate of the value of the testimony of Mrs. Maloney, upon whose evidence alone plaintiff must rely for the vital features of her case.   That judgment was that the verdict of the jury was supported by a preponderance of the testimony and we are unable to say that he was clearly wrong.

On the question of excessive damages the verdict was founded largely upon the medical evidence of two physicians who testified that plaintiff, a young woman of thirty-four years of age, was suffering from permanent injuries caused by the fall.   On the part of defendant the only evidence offered was that of a physician who did not see the plaintiff until nine months after the accident and who, upon examination, was unwilling to say that the complaints and suffering of the plaintiff were not caused or could not have been caused by the accident.   Under such circumstances we can find in the evidence no sufficient ground for regarding the damages as excessive.

All the exceptions of the defendant are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Stephen J. Casey, Patrick P. Curran, Hoyt W. Lark, Green, Curran & Hart,* for plaintiff.

*Arthur S. Phillips,* of Fall River, Mass, *Edwin C. Markel,* of Philadelphia, *Quinn, Kernan & Quinn, Charles H. Kernan, Robert E. Quinn,* for defendant.