FARROW v. JOHN R. THOMPSON CO.

(June 8, 1931. Opinion and Decree.)
(July 1, 1931. Motion to Dismiss Refused.)
(November 16, 1931. Opinion and Decree on Rehearing.)

Wm. R. Kinsella and Jesse C. McGee, of New Orleans, attorneys for plaintiff, appellant.

Wm. H. Talbot, of New Orleans, attorney for defendant, appellee.

## ON MOTION TO DISMISS

WESTERFIELD, J. Appellee moves to dismiss this appeal upon the ground that the transcript was filed too late. The motion was filed on May 25, 1931, the day on which the case was fixed for argument a second time, it having been re-assigned for argument upon joint request of both counsel.

It is conceded that a motion to dismiss an appeal for failure to file the transcript in time may be made at any time. Jacobs v. Weaver, 167 La. 59, 118 So. 692; O'Reilly Eng. Co., Inc., v. Buckner, 5 La. App. 661. It is also conceded that the transcript in this case was not filed in time. It is contended, however, that appellee has submitted to the jurisdiction of the court and is estopped on that account from urging the dismissal of the cause. The alleged estoppel is based upon the fact that counsel for appellee briefed and argued the case with opposing counsel and thereafter signed a joint motion for the re-argument of the case and also a joint motion to incorporate the testimony of three witnesses in the transcript, which had been inadvertently omitted through error of the stenographer.

We are referred to Jones v. City of Shreveport, 28 La. Ann. 835, and Campbell v. Deville, 163 La. 577, 112 So. 491. In the first of the cited cases it was held that a motion to dismiss the appeal on the ground that the transcript was not filed in time could not be considered because appellee answered the appeal and prayed for amendment of the judgment without reservation of his right to move to dismiss. In the second case (Campbell v. Deville) the court said:

"When appellant failed to file the transcript timely, this court did not lose all right to pass on the appeal, for the appellee, by this failure, acquired the right to bring the record here and to move for the dismissal of the appeal, or to pray for judgment in the same manner as if the record had been brought up by the appellant. C. P. arts. 590 and 884. The appellee, however, did not elect to pursue either of these courses, but, instead, when the appellant did file the transcript, she availed herself of the appeal by praying for an increase in the judgment, thereby virtually joining in the appeal. This precludes her from now dismissing the appeal. Michel v. Meyer, 27 La. Ann. 173; Jones v. Shreveport, 28 La. Ann. 835; Jacobs v. Yale & Bowling, 39 La. Ann. 359, 1 So. 822; Claflin & Co. v. Lisso & Scheen, 31 La. Ann. 171."

In the instant case the appellee did not answer the appeal asking any amendment of the judgment, but, in briefing and arguing the case and in asking for its re-opening for the purpose of re-argument and for the purpose of admission of testimony omitted in the transcript, without seeking dismissal of the appeal until the day fixed

for the second argument, he must be considered to have waived his right to dismiss the appeal. Perhaps, in so holding, we are going a little beyond the authority of the cited cases, but, since the law favors appeals and abhors forfeitures, the doubt should be resolved in favor of the appeal and the motion to dismiss will, therefore, be denied.

—

## ON THE MERITS

WESTERFIELD, J. This is a suit in which plaintiff, Mrs. Marie Farrow, sued the defendant corporation, John R. Thompson Company, claiming $15,291 as damages for physical injuries alleged to have been sustained as the result of a fall which occurred on the morning of September 30, 1929, at 11:15 a. m.

The Thompson Company operates a cafeteria or self-serving restaurant at 133 St. Charles street in the city of New Orleans and Mrs. Farrow, on the morning of the accident, was one of its customers. She had selected what food she desired and, following the custom which obtains in the defendant's restaurant was carrying her tray to a chair with a wide arm where patrons are accustomed to eat their food. As she reached a point about half-way between the serving counter and the chair that she intended to occupy, she slipped and fell causing the injuries of which she complains. She charges that defendant is responsible for the consequence of her accident because of its alleged negligence in permitting a gray substance, which she believes was a washing powder, to remain upon the floor and which she says caused her to slip and fall.

The defendant denied that there was any washing powder upon the floor at the time of Mrs. Farrow's fall and disclaimed all liability.

There was judgment below in favor of defendant dismissing plaintiff's suit and plaintiff has appealed.

We have been referred to numerous citations of authority bearing upon the question of the responsibility of a storekeeper, or a restaurant proprietor for injuries due to unusual or defective conditions in the floor of the storehouse or restaurant and we have no difficulty in finding the law to be that the owner or proprietor of such place must exercise ordinary care and prudence to keep the aisles, passageways, floor and walks in a reasonably safe condition for his customers who are on the premises by his implied invitation. Thompson Grocery Co. v. Phillips, 22 Colo. App. 428, 125 Pac. 563; Bloomer v. Smellenburg, 221 Pa. 25, 69 A. 1124, 21 L. R. A. (N. S.) 464; Langley v. F. W. Woolworth Co., 47 R. I. 165, 131 Atl. 194; Lawson v. Shreveport Water Works Co., 111 La. 73, 35 So. 390.

However, as we said in Hendricks v. Maison Blanche Company, 5 La. App. 410, in order "to maintain an action by a customer against the owner of a store for apparent defects in the building, two elements must concur, viz., fault on the part of the master, and ignorance of danger on the part of the customer."

The alleged fault of defendant, which forms the basis of this suit, is, as has been heretofore stated, the failure to remove the slippery washing powder from the floor, which was of tile. It is contended that defendant knew or should have

known of the presence of the soapy substance.

Before discussing the effect of defendant's knowledge, actual or presumptive, of the presence of the slippery material upon the liability of defendant, we must first determine, as a matter of fact, whether it was there. The only affirmative testimony is that of plaintiff, herself, who claims to have seen it for the first time after the fall, and that of a Mr. Alexander, who is apparently without interest in the case. Against this we have the statement of Mr. George, one of defendant's witnesses, also disinterested, to the effect that he was sitting within five or six feet of Mrs. Farrow at the time she fell; that he saw her fall and was the first to run to her assistance; that he saw no washing powder or soapy substance on the floor, which had been newly cleaned; and that he noticed Mrs. Farrow's heels and thought that a lady of her weight would be safer on lower heels implying that her fall was due to high heels, though when pressed he refused to go further and say that she tripped on her heels. In addition to the testimony of this witness, who impresses us as being very fair, the manager of the restaurant and two of his porters, whose duty it is to mop the floor, testified that there was nothing on the floor at the time of Mrs. Farrow's fall, except some water, which had fallen from a cup of hot water which she had obtained with her food from the serving counter.

Our conclusion is that the judgment of the trial court is correct for the reason that plaintiff has failed to make out her case.

For the reasons assigned the judgment appealed from is affirmed.