We are of the opinion that the judgment appealed from is correct, and it is therefore affirmed. Damages for frivolous appeal are denied.

FARROW v. JOHN R. THOMPSON CO. *

No. 13599.

Court of Appeal of Louisiana. Orleans.

Nov. 16, 1931.

See also 135 So. 80.

Wm. R. Kinsella and Jesse C. McGee, both of New Orleans, for appellant.

Wm. H. Talbot, of New Orleans, for appellee.

WESTERFIELD, J.

This is a suit in which plaintiff, Mrs. Marie Farrow, sued the defendant corporation, John R. Thompson Company, claiming $15,291 as damages for physical injuries alleged to have been sustained as the result of a fall which occurred on the morning of September 30, 1929, at 11:15 a. m.

The Thompson Company operates a cafeteria or self-serving restaurant at 133 St. Charles street in the city of New Orleans, and Mrs. Farrow, on the morning of the accident, was one of its customers. She had selected what food she desired and, following the custom which obtains in the defendant's restaurant, was carrying her tray to a chair with a wide arm where patrons are accustomed to eat their food. As she reached a point about halfway between the serving counter and the chair that she intended to occupy, she slipped and fell, causing the injuries of which she complains. She charges that defendant is responsible for the consequence of her accident because of its alleged negligence in permitting a gray substance which she believes was a washing powder to remain upon the floor and which she says caused her to slip and fall.

The defendant denied that there was any washing powder upon the floor at the time of

Mrs. Farrow's fall and disclaimed all liability.

There was judgment below in favor of defendant dismissing plaintiff's suit, and plaintiff has appealed.

■ We have been referred to numerous citations of authority bearing upon the question of the responsibility of a storekeeper, or a restaurant proprietor, for injuries due to unusual or defective conditions in the floor of the storehouse or restaurant, and we have no difficulty in finding the law to be that the owner or proprietor of such place must exercise ordinary care and prudence to keep the aisles, passageways, floors, and walks in a reasonably safe condition for his customers who are on the premises by his implied invitation. Thompson Grocery Co. v. Phillips, 22 Colo. App. 428, 125 P. 563; Bloomer v. Shellenburg, 221 Pa. 25, 69 A. 1124, 21 L. R. A. (N. S.) 464; Langley v. F. W. Woolworth Co., 47 R. I. 165, 131 A. 194; Lawson v. Shreveport Waterworks Co., 111 La. 73, 35 So. 390.

However, as we said in Hendricks v. Maison Blanche Company, 5 La. App. 410, in order "to maintain an action by a customer against the owner of a store for apparent defects in the building two elements must concur, viz., fault on the part of the master, and ignorance of danger on the part of the customer."

The alleged fault of defendant, which forms the basis of this suit, is, as has been heretofore stated, the failure to remove the slippery washing powder from the floor, which was of tile. It is contended that defendant knew or should have know of the presence of the soapy substance.

■ Before discussing the effect of defendant's knowledge, actual or presumptive, of the presence of the slippery material upon the liability of defendant, we must first determine, as a matter of fact, whether it was there. The only affirmative testimony is that of plaintiff, herself, who claims to have seen it for the first time after the fall, and that of a Mr. Alexander, who is apparently without interest in the case. Against this we have the statement of Mr. George, one of defendant's witnesses, also disinterested, to the effect that he was sitting within five or six feet of Mrs. Farrow at the time she fell; that he saw her fall and was the first to run to her assistance; that he saw no washing powder or soapy substance on the floor, which had been newly cleaned; and that he noticed Mrs. Farrow's heels and thought that a lady of her weight would be safer on lower heels, implying that her fall was due to high heels, though when pressed he refused to go further and say that she tripped on her heels. In addition to the testimony of this witness, who impresses us as being very fair, the manager of the restaurant and two of his porters,

whose duty it is to mop the floor, testified that there was nothing on the floor at the time of Mrs. Farrow's fall except some water which had fallen from a cup of hot water which she had obtained with her food from the serving counter.

Our conclusion is that the judgment of the trial court is correct for the reason that plaintiff has failed to make out her case.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.