### BELL v. FEIBLEMAN & CO., Inc.*
No. 16134.

Court of Appeal of Louisiana. Orleans.

Dec. 2, 1935.

Oliver H. Dabezies and H. W. & H. M. Robinson, all of New Orleans, for appellant.

Monroe & Lemann and Nicholas Callan, all of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff sustained injuries as the result of falling over the platform of an automatic weighing machine located near the passageways through which patrons enter-

ed the large department store operated in this city by defendant corporation. She charges that it was negligence on the part of defendant to permit the weighing machine to be placed at the spot at which it was located and she avers that the danger which resulted from the location of the said machine was rendered greater by reason of the extraordinarily large crowd which defendant had on that day attracted to its establishment by advertisements of a specially-planned arrival of "Santa Claus."

Defendant denies that it was at fault in permitting the scale to be located at that spot, or in attracting an extraordinarily large crowd to its store.

In the district court there was judgment for defendant, and plaintiff has appealed.

The entrance to the store is an arcade 22 feet long and 14 feet wide. At a point 15 feet from the street end of the arcade, there are two sets of double doors which open outward. Of these four doors, two swing from hinges which are fixed to a permanent column in the center of the arcade. There is another similar set of doors 7 feet from the first mentioned set and located at the store end of the arcade. When all doors are open, there are thus provided two lanes for pedestrian traffic entering or leaving the store. The weighing machine was located just back of the central column of the set of doors nearest the street, with the upright portion immediately against the column, so that persons entering one set of doors and continuing to the other would not come into contact with any portion of the said machine. On the day in question the outer set of doors had been removed for the more convenient entry of shoppers, but the central column had been left in its usual position and the weighing machine had also been allowed to remain in its regular location against the column and between the two lanes of traffic. Defendant, by many advertisements, had attracted an extraordinarily large crowd to its store and plaintiff charges that she was pushed by this crowd against the platform portion of the machine and that one of her feet caught under it and that she then fell and sustained a sacroiliac sprain.

There seems to be no doubt that plaintiff did either stumble, or was pushed over the platform portion of the scale and that she actually sustained more or less serious

injuries. But the question involved is whether or not it constituted negligence on the part of defendant company to permit the scale to remain in the position in which it was located.

■ A storekeeper is not the guarantor of the safety of his patrons. He must use ordinary care to maintain aisles and passageways in a reasonably safe condition. In Farrow v. John R. Thompson Co., 18 La.App. 404, 137 So. 604, 605, we said:

"We have been referred to numerous citations of authority bearing upon the question of the responsibility of a storekeeper, or a restaurant proprietor, for injuries due to unusual or defective conditions in the floor of the storehouse or restaurant, and we have no difficulty in finding the law to be that the owner or .proprietor of such place must exercise ordinary care and prudence to keep the aisles, passageways, floors, and walks in a reasonably safe condition for his customers who are on the premises by his implied invitation. Thompson Grocery Co. v. Phillips, 22 Colo.App. 428, 125 P. 563; Bloomer v. Snellenburg, 221 Pa. 25, 69 A. 1124, 21 L.R.A. (N.S.) 464; Langley v. F. W. Woolworth Co., 47 R.I. 165, 131 A. 194; Lawson v. Shreveport Waterworks Co., 111 La. 73, 35 So. 390." See, also, Huber v. American Drug Stores, 19 La.App. 430, 140 So. 120.

■ The test, then, which we must apply, is simply this: "Would a reasonably prudent person anticipate danger from placing such a machine behind a post and out of the usual lane of traffic?" We think not. It will not do to say that the accident would not have occurred had the machine not been there at all, because it might just as well be said that the accident would not have occurred had plaintiff not gone to the store. Such machines seem to be necessary for the convenience of customers. They must be placed in corners, or behind posts or columns, or in such similar places, so that patrons making use of the usual aisles and passageways may not stumble over them. When they are so placed, it is not to be anticipated that a patron will do the unusual and will stumble over one of them. Even when there are large crowds it is not to be anticipated that persons will be pushed by the crowd into unusual places or positions. Obviously it cannot be said that defendant was negligent in attracting so large a crowd to its establishment. It has often been held that no liability results from the fact that large crowds have been attracted to stores or business places, provided, of course, the necessary standard of care is exercised in view of the extraordinary size of the crowd.

In F. W. Woolworth & Co. v. Conboy, 170 F. 934, 936, the United States Circuit Court of Appeals for the Eighth Circuit said:

"The crowd on the present occasion seems to have been somewhat more violent than usual. Still such crowds are often found in large stores at the time of special sales, and during holiday seasons. They are an unavoidable feature of mercantile life in large cities."

In Lord v. Sherer Dry Goods Co., 205 Mass. 1, 90 N.E. 1153, 1154, 27 L.R.A. (N.S.) 232, 137 Am.St.Rep. 420, 18 Ann. Cas. 41, appears the following:

"It cannot be said * * * that a merchant is negligent simply because he has his store crowded with customers, or because while the store is crowded he directs their attention to some part where they can get good bargains. That is what the store is for."

Counsel for plaintiff directs our attention to a decision rendered in the case entitled Nye v. Louis K. Liggett Co., 224 Mass. 401, 113 N.E. 201, in which a similar weighing machine was involved. It is true that in that case the court made the following statement:

"It (the defendant) sold soda, drugs and the articles usually dealt in by the proprietor of a retail drug store, and the jury could find from the evidence which included the plan, that when viewed in connection with the volume of patronage as described by her the weighing machine over which the plaintiff stumbled and fell as she turned from the soda counter to pass out of the store, had been placed too near the entrance to permit customers to make their exit safely, and that the defendant in the exercise of due care should have discovered this probable danger and removed the machine."

But in the opinion appear no facts which will .enable us to hold that that case is similar to this. There the court made the statement that if the jury could find that the weighing machine "had been placed too near the entrance to permit customers to make their exit safely," liability might result.

It, of course, follows that, if such a weighing machine is placed so near an entrance that it is reasonable to expect that persons will trip or stumble over it, there is fault and liability results if such accidents occur. If the machine in the instant case had been placed in the aisle, or in a position so near the entrance as to lead to the conclusion that persons exercising ordinary care might be expected to fall over it, then, of course, there would be liability. But such is not the case here.

We conclude that there was no fault in defendant company, either resulting from the location of the machine in question, or from the fact that an extraordinarily large crowd had been attracted to its establishment. Consequently, we conclude that the finding below was correct.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.

Affirmed.