## LEWIS v. BURGLASS.
### No. 16143.

Court of Appeal of Louisiana. Orleans.
June 1, 1936.

For prior opinion, see 166 So. 649.

Fred G. Veith, of New Orleans, for appellant.

Edw. Rightor and W. H. Sellers, both of New Orleans, for appellee.

WESTERFIELD, Judge.

We granted a rehearing in this case to consider the contention raised by appellant that appellee had waived the right to file a motion to dismiss the appeal, which contention he raised for the first time in his brief in support of his application for rehearing.

The basis of the contention is the admitted fact that, when the case was first called for trial in this court, an application for continuance was made on behalf of appellee. The argument is that any appearance on behalf of an appellee will constitute a waiver on his part of the right to move for the dismissal of an appeal upon the ground set forth in the motion filed in this proceeding.

Appellant relies upon the following authorities in support of his position: Michel v. Meyer, 27 La.Ann. 173; Jones v. Shreveport, 28 La.Ann. 835; Jacobs v. Yale & Bowling, 39 La.Ann. 359, 1 So. 822; Claflin & Co. v. Lisso & Scheen, 31 La.Ann. 171; Campbell v. Deville, 163 La. 575, 112 So. 491; Farrow v. Thompson, 18 La.App. 404, 135 So. 80, 81, 137 So. 604. In every one of the cited cases, with the exception of Farrow v. Thompson, supra, decided by this court, the appellee joined in the appeal by answering and praying for the affirmance or amendment of the judgment appealed from. In the Farrow Case the appellee briefed and argued the case and signed a joint motion for reargument and a joint agreement to incorporate the testimony of three witnesses omitted from the transcript. Believing that the appellee had joined in the appeal by such conduct, we held that he had waived his right to a dismissal of the appeal, though we recognized that in doing so we were going a little further then any of the cited cases, as will appear from the following excerpt from our decision: "Perhaps, in so holding, we are going a little beyond the authority of the cited cases, but, since the law favors appeals and abhors forfeitures, the doubt should be resolved in favor of the appeal, and the motion to dismiss will therefore be denied."

In the instant case, the only participation by appellee in the appeal was his appearance, through counsel, for the purpose of making a verbal request for a continuance. We are of opinion that such appearance is insufficient to operate as an estoppel by waiver of the right to the dismissal of the appeal.

For the reasons assigned, our former decree is reinstated.

Original decree reinstated.