## BARTELL v. SERIO.

### No. 16664.

Court of Appeal of Louisiana. Orleans.

April 18, 1938.

Maurice B. Gatlin, of New Orleans, and A. Deutsche O'Neal, of Houma, for appellant.

Shirley G. Wimberly and Harry T. Wilkins, both of New Orleans, for appellee.

JANVIER, Judge.

Mrs. Ralph Bartell Kennedy seeks from Anthony Serio recovery for physical injuries sustained at about 9 o'clock on the morning of July 23, 1936, in a fall in front of the place of business of Serio at the corner of Esplanade avenue and Broad street in this city.

Plaintiff alleges that defendant operates a fruit and vegetable stand at that corner and that he had placed a large number of boxes and packing cases on both sides of the sidewalk and that, as she, plaintiff, was walking along the sidewalk, "she stepped upon a green butter bean which defendant had allowed to be on the sidewalk, slipped and fell heavily into a packing case which defendant had placed on the sidewalk. * * *"

Defendant admits the operation by him of the fruit and vegetable stand on that corner, but denies all the remaining allegations of plaintiff's petition.

From a judgment dismissing her suit, plaintiff has appealed.

The record shows that, at about the time alleged, Mrs. Kennedy sustained injuries as the result of a fall which occurred as she slipped when she was walking along the sidewalk in front of defendant's place of business and that she fractured her right wrist when it came into contact with some object located thereon. She and a young girl, who was with her, state that after she fell they saw a crushed butter bean on the sidewalk and that it was on this butter bean that she slipped.

Defendant's brother, who was in charge of the establishment at the time, denies that there was a butter bean on the sidewalk and both he and defendant declare that there were no such butter beans on hand at that time and that, because of the dearth of this vegetable, there had been none there for at least a week prior to the accident.

Plaintiff is very vague in her description of the article against which she struck her arm and, to say the least, she has not shown with any certainty that it came into contact with the packing case or with any other article for the presence of which defendant was responsible.

The sidewalk was wet and slippery at the time because of a rain which had fallen on the preceding evening.

The judge, a quo, stated that he was "not entirely satisfied from the evidence that petitioner slipped upon a green butter bean that was upon the sidewalk," and on this question of fact we find ourselves in the same state of uncertainty.

And, following the course of our learned brother below, we find it unnecessary to reach a definite conclusion on this disputed factual issue because we are of the opinion that, even if it was a butter bean upon which plaintiff slipped, there is no evidence which would in any way necessarily involve defendant with fault in connection with its presence there, or with legal liability for the results of the accident.

Plaintiff does not allege that she was a customer of defendant, nor does she testify that she was. But we find, in the brief filed on her behalf, various authorities which there is discussed the obligation of a storekeeper to a customer. Counsel also discusses the obligation of an abutting property owner to a passer-by and also the liability of a property owner for damage caused by "things thrown out into the street adjacent to his property." None of these authorities, however, holds that there

is liability except for negligence and unless the damage is such as might reasonably be expected to result from the negligent act. We see no actionable negligence in permitting one small bean to remain on a sidewalk.

The record shows conclusively that if it was a butter bean upon which plaintiff slipped, that particular bean was the only one to be seen on the sidewalk. Except for that bean—and there is doubt as to its presence—the sidewalk was in a reasonably safe and clean condition, except that it was wet, and for this condition defendant was not responsible since it was in the open and since there had been a rain on the evening before. Assuming that the relationship between the parties was that of storekeeper and customer—and that seems to us, from the point of view of plaintiff, to be the most favorable legal status in which we can place her, there is no liability to her. Even a storekeeper is not the insurer of the safety of his customers. He need not keep his floors and passageways in perfect condition, but must exercise only "ordinary care and prudence to keep" (them) "in a reasonably safe condition for his customers." Farrow v. John R. Thompson Co., 18 La.App. 404, 135 So. 80, 137 So. 604, 605. See, also, Thompson Grocery Co. v. Phillips, 22 Colo.App. 428, 125 P. 563; Bloomer v. Snellenburg, 221 Pa. 25, 69 A. 1124, 21 L.R.A.,N.S., 464; Langley v. F. W. Woolworth Co., 47 R.I. 165, 131 A. 194; Lawson v. Shreveport Waterworks Co., 111 La. 73, 35 So. 390, and Bell v. Feibleman & Co., Inc., La.App., 164 So. 273.

Surely it cannot be said that, to permit a single butter bean to remain unnoticed upon an open sidewalk, is a violation of that duty which requires only "ordinary care" to keep the passageways "reasonably" safe. Thus, even if it can be said that plaintiff was a customer of defendant and that the sidewalk should be considered as a passageway in his store, his duty to his customers and to all others was complied with.

Nor does liability result from the fact that plaintiff struck her arm upon a box, even if it appeared from the record that she did so, and on this point there is also considerable doubt. The boxes had nothing to do with the fall. We agree with the district judge in his conclusion that "the proximate cause of the accident was petitioner slipping and not the location of the packing box. * * *"

The judgment appealed from is affirmed. Affirmed.