## DANIELS v. UNITED STATES CASUALTY CO.

Civ. A. No. 3347.

United lStates District Court
W. D. Louisiana, Lake Charles Division.

April 8, 1952.

Gravel & Downs, Alexandria, La., for plaintiff.

J. Lyle DeBellevue, Crowley, La., for defendant.

DAWKINS, Chief Judge.

This is an action in damages for injuries alleged to have resulted from plaintiff's slipping and falling in defendant's place of business, described as "an entertainment establishment named Beverly's Bar and Club * * * in Crowley, Acadia Parish, Louisiana." Pertinent allegations as to how the accident happened are that: "While plaintiff was walking across the floor of said establishment, she suddenly slipped and fell * * *," the acts of negligence being described as follows:

"(a) Failing to keep the premises adequately lighted; .

"(b) Failing to keep his floors in such condition as to make them safe for passage, and more particularly, in allowing wax, water, and other substances to accumulate on the floor so as to make slippery spots;

"(c) Allowing a dangerously slippery condition to remain on a floor used by his guests; and

"(d) Failing in general to discharge the duty upon him to keep his premises in reasonably safe condition for his business guests."

Plaintiff further alleges that the defendant is a corporation under the laws of New York, which had issued a policy of insurance to one Beverly Hanagriff, under the terms of which the defendant "agreed to pay on behalf of * * * the insured all sums which the insured should become legally obligated to pay by reason of the liability imposed upon him by law for damages * * * sustained by any person * * * caused by accident and arising out of the ownership, maintenance or use of the premises * * *; accordingly, defendant is indebted unto plaintiff for all damages sustained by her * * *."

Defendant moved to dismiss the complaint on the ground that it "fails to state a claim * * * upon which relief can be granted." In support of the motion, two points were made:

1. That under the jurisprudence of Louisiana, no recovery can be had in an action for damages arising from the unsafe condition of a place of business in which the plaintiff was a guest without showing that the said condition was known to defendant or that it had remained for a sufficient time to permit him to discover it by the exercise of reasonable care; and

2. That the policy of insurance contains a "no action" clause, under which no claim can be made against defendant until the insured's obligation to pay has been judicially determined.

1. The law of the state, which governs, is settled to the point that the complainant in an action of this kind must prove either actual notice of the dangerous condition, or that it had remained long enough for the owner or lessee by the exercise of reasonable care to discover it. Boucher v. Paramount-Richards Theatres, Inc., La.App.1947, 30 So.2d 211; Farrow v. John R. Thompson Co., 18 La.App. 404, 135 So. 80, 137 So. 604; Bell v. Feibleman & Co., Inc., La.App., 164 So. 273; Powell v. L. Feibleman & Co., Inc., La.App.,

187 So. 130; and Lawson v. Shreveport Water-Works Co., 111 La. 73, 35 So. 390.

There is no express allegation of actual notice of the condition of the floor, and the question is do those quoted above, giving them the fullest effect, amount to a charge that the condition had existed for such a time as to permit defendant by the exercise of proper care under the circumstances to discover them. The first charge, (a), of negligence is "failing to *keep* his premises adequately lighted." (Emphasis by the writer.) The extent of the lighting ordinarily used depends upon the nature of the business and is generally known to those who patronize it, such as theatres or picture shows, where a degree of darkness is necessary to their operation, and in other instances where the customers for one reason or another prefer and accept, as an inducement, less than cathedral-lighting conditions. In the latter cases, the guest accepts a situation which is well known to him, and it would seem to require something more than mere inadequacy of lights to constitute negligence.

Item (b) charges that defendant allowed "wax, water and other substances to *accumulate* on the floor so as to make slippery spots", and in item (c), it is alleged that he permitted this "dangerously slippery condition to *remain* on a floor used by his business guests". Webster's International Dictionary (Sec. Ed.) defines "accumulate" as "heap up in a mass, to pile up", etc., and "remain" as "state of remaining, staying * * * surviving or abiding". Hence, these allegations amount to more than the charge that the condition existed at the time of the alleged accident and are sufficient, it is believed, to save the complaint from dismissal, leaving to defendant the remedy of calling for a more definite statement.

2. On the second point, the policy has not been produced, but defendant's counsel quotes the "no action" clause, which is substantially the same as those in Bayard v. Traders & General Insurance Co., D.C., 99 F.Supp. 343, and Bish et ux. v. Employers' Liability Assurance Corporation, Ltd., D.C., 102 F.Supp. 343, and the plaintiff's counsel in effect concedes this to be true since he does not dispute it. However, the latter also states that the policy was delivered in the City of New Orleans, Louisiana, and by its terms was to apply only to the particular premises located in this district. If this be true, the policy, as completed, by acceptance was a Louisiana contract. As in the case of the "no action" clause, opposing counsel has not denied that statement, and this court is not inclined to apply the doctrine of the cited cases to that state of facts, on a motion to dismiss.

The motion to dismiss will be denied.