On August 25, 1938, at about noon, the plaintiff, Louis De Latour, dislocated his right ankle when he slipped or stumbled and fell while attempting to descend a set of marble steps situated in the arcade of the Roosevelt Hotel, which extends from the Baronne Street entrance of the hotel into its main lobby. Alleging that the accident occurred as a result of the negligence of the Roosevelt Hotel in not providing for its patrons a safe place of entrance to and exit from its establishment, plaintiff brought this suit against it and its liability insurance carrier, Travelers Insurance Company, for the recovery of damages against them in solido in the sum of $11,805 for the personal injuries he sustained. He charges that the marble steps are improperly constructed and that they were erected and maintained by the hotel in direct violation of the Building Codes of the City of New Orleans of 1910 and 1929 (Ordinances 6712 and 9357 C.C.S.) in that (1) they are constructed of colored marble with a highly polished surface which makes them smooth as polished glass and affords to persons using them an insecure, misleading and treacherous surface; (2) that the steps, which are about 20 feet in length, have a varying tread ranging from approximately fifteen to twenty inches in width, which variation is such as to cause a reasonably prudent person to misjudge their width and jeopardize his footing while descending them; and (3) that the hotel has failed to provide hand rails on either side of the steps.
In their answer to plaintiff's petition, the defendants admit the happening of the accident but deny any and all responsibility for the consequences thereof. They assert that the marble steps are properly proportioned as to height and width in accordance with the established and accepted principles of design in architectural practice; that they are well lighted; that their surface is maintained in a proper condition and that there is no reason why any person with the exercise of care and caution cannot safely use them. They further plead, in the alternative, that, if it should be found that the Roosevelt Hotel was at fault in any particular, then the plaintiff was guilty of contributory negligence barring his recovery because he attempted to *Page 355 
walk down the steps without taking the care and precaution required of a reasonably prudent person in descending a stairway.
The case was tried on the foregoing issues before a jury. After hearing the evidence, a verdict was returned in plaintiff's favor for the sum of $1,500 damages against the defendants in solido and judgment was entered accordingly. Defendants have appealed.
The law of the case is well settled and the issues presented for our determination involve chiefly questions of fact. Since it is conceded by the defendants that the plaintiff was a patron of the hotel and occupied the status of an invitee, the hotel owed to him a duty of ordinary care to keep its premises in a reasonably safe condition. See Bartell v. Serio, La.App., 180 So. 460; Greeves v. S.H. Kress Co., La.App., 198 So. 171; Farrow v. John R. Thompson Co., 18 La.App. 404, 137 So. 604; Bell v. Feibleman Co., La.App., 164 So. 273; and Lawson v. D.H. Holmes Co., Ltd., La.App., 200 So. 163.
The scene of the accident is the second flight of marble steps in the arcade which leads from Baronne Street into the main lobby of the Roosevelt Hotel. The steps involved are approximately 14 feet, 6 inches wide and consist of five risers (each approximately 4 1/8 inches in height) which are covered by marble treads ranging from 15 inches in width on one end to 21 1/4 inches on the other. Because of the variation in the width of the treads, the steps are of trapezoidal form and may be described as being slightly fan shaped since the treads which connect with the wall on the left side (when facing towards the main lobby) gradually increase in breadth from 15 inches to 21 inches at the point at which they abut the wall on the opposite side. Photographs of the steps, which have been offered in evidence, exhibit that there is not anything unusual about them and they appear to us to be ordinary marble steps of sound construction quite similar in design to those found in many public buildings and other structures where large numbers of persons congregate.
Plaintiff testified that, on the day of the accident, he, in company with his mother and wife, entered the Roosevelt Hotel from its Baronne Street entrance for the purpose of going into the bar, which is situated in the main lobby, for a drink; that, when they reached the marble steps in question, they ascended the left side thereof (or the portion where the treads are of narrower width); that he assisted his wife and mother up the steps and escorted them to the bar; that he left them at the bar door because he wanted to use one of the public telephones situated on the landing of the arcade between the first and second flight of steps leading into the main lobby; that he attempted to descend the steps on the side where the treads are 21 inches wide and that, when he stepped either on the first or second tread, his foot shot out from under him, causing him to fall and sustain a dislocation of his right ankle. He says that he either slipped or stumbled; that the marble tread on which he stepped was very slippery and that he was not aware of the fact that the treads on one side of the steps were wider than they were on the other. He also declares that, when he slipped or stumbled, he attempted in vain to grab for a hand rail and that, if a hand rail had been provided by the hotel, he could have probably averted the serious consequences of the accident.
It is evident from plaintiff's testimony that he does not know the real cause of the accident for he says in one part of his statement that he slipped over the marble tread and in another part he attributes his fall to the defendant's failure to provide treads of even width, suggesting that the 21-inch width was such as to preclude him from stepping down with the use of a normal stride or gait.
We find no merit whatever in plaintiff's claim that the hotel was negligent because the marble steps were slippery. The only evidence produced by him to sustain this charge is his own statement to that effect. He does not show that the marble was so slick that it could not be walked over in perfect safety with the use of ordinary care. There was no foreign substance or cleaning fluid placed upon it to make it more slippery than marble usually is, and it must be readily recognized that the hotel is not to be condemned as negligent merely because it provided its patrons with marble steps, which are commonly used in public edifices, educational buildings, places of amusement and in many structures where large numbers of people congregate. And, on this score, it cannot be successfully argued that the hotel was required to cover the marble with mats or other non slip material because it *Page 356 
is common knowledge, and we will take judicial cognizance of the fact, that pedestrians using ordinary care are able to walk over marble steps in perfect safety.
Plaintiff maintains, however, that the steps in the hotel are of defective construction in that the treads are uneven, being wider at the place he fell than they are at the other end and in that the hotel has failed to provide hand rails on either side of the steps. The defects complained of are said to be violative of the Building Codes of the City of New Orleans of 1910 and 1929 (Ordinances 6712 and 9357 C.C.S.), and plaintiff produced two expert witnesses, viz., Mr. Van E. Hart, a consulting engineer, and Mr. Joseph Val LeBlanc, structural engineer for the City of New Orleans, who testified accordingly.
The evidence shows that the steps were constructed in 1924 at the time the Roosevelt Hotel built the present annex to its building, or long before the enactment of the Building Code of 1929. It therefore follows that, in erecting them, the hotel was governed by the provisions of the Building Code of 1910 and counsel for plaintiff readily conceded during the argument of the case that, since the provisions of the Building Code of 1929 are not retroactive, the ordinance is inapplicable. Under the provisions of Part 3 of the Building Code of 1910, which classifies buildings in the City of New Orleans, hotels are placed in Class C and it is stated that buildings of that class shall be of fire proof construction and erected of brick. In Section 46 of the Code, under the heading "Part V — General Provisions", it is declared:
"In every building hereafter erected in Classes A, C, D, E and F, each story which covers an area exceeding twenty-five hundred square feet and not exceeding five thousand square feet, shall be provided with at least two continuous lines of stairs remote from each other, and every such building shall have at least one continuous line of stairs for each additional five thousand square feet or part thereof floor area. When any such floor has an area greater than fifteen thousand square feet, the number of stairs shall be increased proportionately, or as will meet with the approval of the City Engineer.
"The width of the stairs required by this Section shall in no case be less than three feet in the clear between hand rails or between the hand rail and an enclosed side of the stairs, and shall be increased in width to five feet when in the opinion of the City Engineer an increased width is necessary for the safety of the occupants. All such stairs shall have treads and risers of uniform width and height throughout in each flight, and the rise shall be not more than eight inches in height, and the treads, exclusive of nosing, shall not be less than nine inches * * * The stairs shall be provided with proper banisters or railings and hand rails. * * *" (Italics ours.)
The defendants maintain that the foregoing provisions refer to the construction of stairways in buildings and have no application to a set of steps which are erected for the purpose of providing ingress to and egress from the main floor level of the structure. In support of this proposition, they submitted the evidence of Mr. Paul Andry, an architect engaged in business in the City of New Orleans for a period of over 45 years, who stated that he was well acquainted with the steps in question; that, in his opinion, they were of sound construction and properly designed and that they were not violative of the Building Code because the ordinance has reference to stairs and not to steps.
We think that the contention of the defendants, with respect to the interpretation to be given to the City Ordinance, is correct. Section 46 declares that, in certain buildings covering an area of a particular number of square feet, there shall be provided at least two continuous lines of stairs and that the number of these stairs may be increased proportionately depending upon the area of square feet in the building "or as will meet the approval of the City Engineer". It further provides that "the width of the stairs required by this section shall in no case be less than three feet", etc., and then it goes on to declare that the treads of the stairs shall be of uniform width and that they shall be provided with hand rails. These requirements are plainly intended to cover stairways leading from one floor of a building to another and have no application to a set of wide steps which are provided as a means of entrance to and exit from the main floor of a structure or devised for the purpose of enabling persons to reach a change in level of a particular floor. A cursory examination of Section 46 reveals that the primary purpose of the Commission Counsel was to provide for ample stairways in buildings so that, in case of fire, the hazard to human life and limb would be minimized. We find no reference *Page 357 
in the ordinance to steps such as the ones under consideration.
Counsel for plaintiff also maintain that it has been shown in this case that the steps involved are not only defective from an architectural standpoint but that they are hazardous to pedestrians. It is true that the experts produced by plaintiff testified accordingly. But it is to be noted that the defendant's expert, Mr. Andry, expresses the opinion that they are properly constructed and are perfectly safe. The pictures offered in evidence confirm Mr. Andry's opinion and his conclusion is further fortified by the fact that thousands of persons walk over these steps daily without difficulty.
Plaintiff's experts express the opinion that a tread of 21 inches is much too wide for a person descending a stairway at a normal gait and the witness Hart says that the steps are unsafe, explaining that they are "not good design, I mean" and further "that would not be good design; they would be an uncomfortable stairway, which would in common words mean you would have to exercise caution in going down them."
For our own part, we cannot coincide with the objection voiced by plaintiff's experts. In the first place, we do not believe that a normal person would experience any difficulty in walking over a step with a tread of 21 inches. Moreover, it should be noted that Mr. Hart correctly qualifies his declaration by intimating that, if care is used, no hazard will be encountered. This qualification fully demonstrates the weakness of plaintiff's case because it was plaintiff's duty to exercise ordinary care in the use of the steps. The accident occurred in broad daylight, the steps were well lighted and plaintiff, by the use of ordinary care, would have had no trouble in descending them. It is shown by the evidence that the plaintiff was a frequent visitor of the Roosevelt Hotel; that he had traversed these steps on many occasions and we feel that his unfortunate accident can only be accounted for by the fact that he failed to use any diligence whatever in walking down them. The hotel was not charged with furnishing perfect or fool-proof steps. On the contrary, its duty to the plaintiff was to provide steps which could be descended in safety by the exercise of ordinary care. We think that its obligation has been fulfilled.
The fact that there were no hand rails situated on the walls adjoining the steps cannot be successfully relied upon by plaintiff as a factor contributing to his fall — for, as we have already stated, we do not regard the City Ordinance as requiring that the hotel supply hand rails. Furthermore, even if it had, we do not believe that the absence of hand rails had anything whatever to do with the accident notwithstanding plaintiff's assertion to the contrary.
After a careful consideration of the facts of the case, we have no hesitancy in resolving that the Roosevelt Hotel was without fault in the premises and that the conclusion of the jury to the contrary is manifestly erroneous.
For the reasons assigned, the judgment appealed from is annulled, avoided and reversed and it is now ordered, adjudged and decreed that plaintiff's suit be and it is dismissed at his cost.
Reversed.