BOLIN, Judge.
Mrs. Hickingbottom suffered extensive injuries to her right knee as the result of a fall while shopping in a T. G. & Y. department store. She and her husband sued the store and its liability insurer for damages for personal injuries and medical expenses. Plaintiffs contended the asphalt tile floor of the store was extremely slick and dangerous; that this condition caused her to slip and fall, and therefore defendants are liable for her injuries. At plaintiffs’ request the case was tried before a jury resulting in a judgment in favor of defendants and plaintiffs have appealed.
For convenience we will refer to both defendants simply as defendant.
The evidence reflects Mrs. Hickingbottom was 38 years old, five feet tall, weighed about 165 pounds and was wearing relatively high heels at the time of the accident.
On the question of defendant’s fault, plaintiffs’ witnesses testified that at the time of the accident and immediately thereafter the floor appeared to be slick and glossy. A policeman and ambulance personnel testified they arrived at the scene immediately after the fall and the floor appeared to be highly waxed. However, under cross-examination all of plaintiffs’ witnesses admitted there was no foreign substance on the floor, such as grease, water, etc., nor was anything blocking the passage-ways for pedestrian shoppers. Plaintiff herself was unable to say what caused her to fall except she slipped on the waxed floor.
The store manager and other employees on duty that day, testifying for defendant, were uniformly of the opinion the floor was not unusually glossy nor slippery and that no foreign material was present. They said the woman simply slipped and fell.
It was shown the defendant company had been treating the floor for several years with a compound known as “Sole-Grip”, a liquid substance applied about once a month, the alleged purpose of which was to render the floor reasonably glossy but at the same time provide a “grip” or traction for shoes. “Sole-Grip” had been applied about three weeks prior to the accident and between applications the floor was maintained by daily use of a “treated” dust mop.
A representative of the manufacturer of “Sole-Grip” testified this compound contained an adhesive to give the maximum protection against accidents of the type here involved by providing “grip” or traction while at the same time providing a glossy finish.
The manager of the local J. C. Penney Company testified his company had used the above-described commercial product for several years; and in his opinion the compound lessened rather than increased the possibility of a person slipping and falling.
We think the judgment rejecting plaintiffs’ demand was correct. The uni *104 form jurisprudence of this state is to the ’effect that a storekeeper is not the insurer of the safety of his customers but that his liability arises only when the injuries are caused by his negligence. A storekeeper does have a responsibility to the public to provide a safe place for his customers, but this duty only requires him to exercise that degree of care that would be exercised by an ordinary prudent man under the same or similar circumstances. See LSA-C.C. art. 2316 and Peters v. Great Atlantic & Pacific Tea Co. (La.App. 2 Cir., 1954) 72 So.2d 562 and numerous cases cited therein.
From our review of the evidence we find plaintiffs have failed to show by a preponderance of evidence that defendant was guilty of any negligence. Contrariwise, defendant has affirmatively shown its freedom from fault. Accordingly, the judgment appealed from is affirmed at appellants’ cost.
Affirmed.