182 So.2d 572 (1966)
Mrs. Catherine T. NETTLES
v.
FORBES MOTEL, INC., et al.
No. 6542.
Court of Appeal of Louisiana, First Circuit.
January 24, 1966.
*573 David W. Robinson, of Watson, Blanche, Wilson, Posner & Thibaut, Baton Rouge, for appellant.
Paul Ganucheau, A. J. Marciante, New Orleans, Maurice J. Wilson, of Breazeale, Sachse & Wilson, Benton & Moseley, Baton Rouge, for appellees.
Before R. S. ELLIS, LANDRY, REID, BAILES and F. S. ELLIS, JJ.
F. S. ELLIS, Judge pro tem.
Plaintiff, Mrs. Catherine T. Nettles, while a guest at the Fiesta Motel, fell from a dressing table stool on which she was standing, and suffered a fracture of one of her vertebrae. This suit was brought by her for damages resulting therefrom.
Defendants are Forbes Motel, Inc., the owner of the Fiesta Motel, and its insurer, Marquette Casualty Company; Olinde Hardware and Supply Company, Inc., which sold the stool, and its insurer, The Fidelity and Casualty Company of New York; and Hamilton-Cosco, Inc., the manufacturer of the stool and its insurer, American Mutual Liability Insurance Company. Judgment was rendered in favor of plaintiff and against Olinde and the Fidelity and Casualty Company of New York, and the suit as to the other defendants dismissed. Olinde, its insurer and the plaintiff have appealed from the judgment, and the case is before us as to all parties.
Mrs. Nettles married one Leslie E. Drake on July 1, 1962. She died on March 18, 1963, and her widower was substituted for her as party plaintiff.
On February 8, 1965, the proceedings herein were stayed as to Marquette Casualty Company, insurers of Forbes Motel, Inc.
Defendants are alleged to be negligent in that they knew, or should have known, *574 that the stool had been manufactured, constructed, assembled and maintained in a careless, faulty and negligent manner. The faulty condition of the stool is alleged to be the proximate cause of the accident.
It is further alleged that Forbes Motel, Inc., had prior warning because of the prior breaking down of other stools, similar to the one involved in this case, and which had been purchased at the same time, and that Olinde had knowledge of these breakdowns.
The testimony reveals that Mrs. Nettles had checked into the Fiesta Motel on the evening of March 28, 1961, and was assigned to Room 30. The attendant who took her to her room adjusted the air conditioning unit in the room at that time. The controls on the unit were located eighty-one inches from the floor. Mrs. Nettles, who at the time was five feet two inches in height and weighed one hundred and seven pounds, was unable to reach the controls while standing on the floor. That night she stepped up on the stool to turn off the unit, without mishap. The next morning, wishing to turn the unit on, she once more stepped on the stool. She stated that the stool collapsed and she fell, suffering the injuries complained of.
In answering the petition, all of the defendants deny any negligence, but state that the sole proximate cause of the accident was Mrs. Nettles' negligence in standing on the stool when she knew it was intended for another purpose, and in failing to exercise proper care in so doing. Alternatively, they plead her contributory negligence in those respects.
In addition, all defendants third partied each other, asking for judgment over against the other defendants, should they be found liable.
The record further reveals that the stool was shipped by the manufacturer to Olinde disassembled and packed in a carton which contained assembly instructions and all necessary nuts, bolts and washers for assembly. About thirty-six of the stools were ordered by Forbes from Olinde, and all were delivered to the motel still packed in the cartons. One Willie Williams, an employee of Olinde, possibly assisted by another employee, assembled the stools on the premises. Williams testified that he had a fourth grade education and that he did not read very well. He further testified that he did not read the instruction sheet before assembling the stools because he already knew how. No one asked him what procedure he followed in assembling the stools.
The motel was opened on July 1, 1960, and the stools were in the rooms at that time, or very shortly thereafter. Otis T. Forbes, the manager of the motel, testified that on several occasions between that date and the date of the accident, several of the stools came loose. He stated that the legs of the stools, which fitted into slots on the bottom of the seat, would work loose from the slots. He was unable to recall the exact number of times that this happened, but did testify that he called Olinde's and one of their service men came out and tightened up the stools. He further testified that since the time of the accident, one or two more of the stools had been removed from the rooms for the same reason. Although the testimony on the point is not clear, it appears that only one call was made to Olinde about the stools. According to Forbes, this call was made before the accident, and a number of stools were tightened up by Olinde's service man, who came out in answer to the call.
Mr. B. L. Leisure, Department Manager for Olinde, testified that all complaints about merchandise bought from his department would be referred to him, that he had received but one complaint from Forbes, and that he sent Willie Williams to answer the call. Williams stated that when he arrived at the motel, he was given one stool which had collapsed, which he took back to Olinde's with him. He further testified that Mr. Forbes told him that "a lady had fell on the stool by standing up on it." He had no recollection of tightening any other stools.
*575 Hamilton-Cosco, Inc., the manufacturer, had a number of tests run on stools similar to the one involved in this case. In one of the tests, a man weighing about two hundred pounds stepped from the floor to the stool and back to the floor a thousand times. Then he sat upon the same stool five hundred times. There was no failure of the stool, which had been assembled at the testing laboratory in accordance with the instruction sheet contained in the carton. A pressure test caused the legs of the stool to fail under a load of eight hundred and eleven pounds. In addition, a stool was assembled in the courtroom in accordance with the instructions, and held up under a load of about four hundred pounds.
The trial court found that these tests showed conclusively that the cause of the failure could not be attributed to improper manufacture or design of the stool. We are in agreement with this conclusion.
We are further in agreement with his conclusion that the stools would fail as in this case, only if improperly assembled. In the absence of a showing that the stools had been tampered with or that they had been subjected to abnormal usage, and no such showing was made, we feel that this conclusion was also correct.
However, we cannot agree with the conclusion that there was no liability on the part of Forbes Motel, Inc.
Under the law of this state, a hotel owes to its guests a duty of ordinary care to keep its premises in reasonably safe condition. DeLatour v. Roosevelt Hotel, 1 So.2d 353 (La.App.1941), and cases cited therein.
"* * * an innkeeper is liable for an injury to a guest, claimed to arise from defective premises or appliances, where, and only where, his negligence in this respect is the proximate cause of the injury, provided the guest at the time is in a place where he has a right, and is reasonably expected, to go; an injury to a guest while in a place where he has no right, and cannot reasonably be expected, to go is not one which the innkeeper could reasonably have anticipated, and there is no liability. The innkeeper's liability has been limited to injuries resulting from defects in the premises which are known to him or which in the exercise of reasonable care he would discover; and he has been said to be chargeable with all injuries occurring to his guests from latent defects in the premises." 43 C.J.S. Innkeepers § 22, p. 1180.
Forbes testified that no precautions were taken relative to the stools except to advise the maids who cleaned the rooms to report and turn in any defective stools. The stool in this case must have been obviously loose to one making an inspection of it, since it collapsed under a minimal strain. Such a defect as this should have been discovered in the exercise of reasonable care by Forbes Motel, Inc., or its agents or employees.
Certainly, it would not be unreasonable to expect a small person such as Mrs. Nettles to use the stool as she did in order to adjust the air conditioning. It is equally clear that she is entitled to rely on Forbes having exercised reasonable care to maintain the stool in a safe condition.
The trial court found that Mrs. Nettles should have called for a porter to come and adjust the air conditioning unit for her, rather than do it herself. We do not believe that it would be reasonable under the circumstances to place such a duty on a guest, when the service desired involves only flipping a switch or turning a knob.
Neither do we believe it unreasonable to expect a stool which is designed to withstand normal use, to bear the weight of a hundred and seven pound woman for a brief period of time. The evidence in this case shows conclusively that it would do so easily if properly assembled.
*576 We find no negligence, contributory or otherwise, in the conduct of Mrs. Nettles.
Mrs. Nettles suffered a compression fracture of the first lumbar vertebra when she fell. She was hospitalized immediately after the accident, on March 29, 1961, and remained there until April 26, when she was discharged after having been fitted with a brace, which she continued to wear for a number of months. In August, 1961, she was hospitalized for other causes, and received some treatment for osteoarthritis, which was not traumatic in origin. By November 6, 1961, her doctor felt that her many complaints were not related to the accident herein orthopedically. No other evidence in the record relates her complaints to the accident, except that she was nervous and apprehensive throughout therapy. The trial court awarded Mrs. Nettles $3,500.00 for pain and suffering, in addition to special damages totalling $3,557.22.
We find this award to be proper under the circumstances.
Accordingly, the judgment of the lower court will be reversed in part, and there will be judgment herein in favor of plaintiff and against defendants Forbes Motel, Inc., Olinde Hardware and Supply Co., Inc., and the Fidelity and Casualty Company of New York, in solido, in the sum of $7,057.22, with legal interest from date of judicial demand until paid, and all costs. In all other respects, the judgment of the trial court is affirmed.
Reversed in part, affirmed in part and rendered.