LOTTINGER, Judge.
This is a suit by William T. Jack, as petitioner, for damages against the Oak Manor Motor Hotel and its insurer, the Home Insurance Company, as defendants. The Lower Court rendered judgment in favor of defendants, dismissing petitioner’s suit and petitioner has taken this appeal.
The petitioner alleges that on November 5, 1962, at approximately 8:00 o’clock in the morning, plaintiff was a guest in the Oak Manor Motor Hotel. It was the practice of his employer of holding breakfast meetings at this motel on every Monday morning, and petitioner was in attendance at one of these regular morning breakfasts.
Petitioner testified that the tables were set up in banquet style with chairs around the table and that after he had served himself, he went to the chair, pulled the chair out and sat down in it when it collapsed under him. He complains of an injury to his left hip and testified that over the period of the last five years that his hip has troubled him from time to time, that it pains him, and that he is able to control the pain only by the use of medica *481 tion. At the time of the accident petitioner weighed approximately 250 pounds. When the chair gave way under him, others sitting around laughed.
Mr. Toby Legier was called as a witness on behalf of petitioner. Mr. Legier testified that his attention was first attracted to the incident when water was spilled on the table. He stated that he did not actually see Mr. Jack fall but helped pick him up from the floor. Mr. Legier testified that after petitioner fell the chair was removed from the table and another chair from the wall was put in its place, and while he did not examine the chair, it appeared to be bent or broken.
Mr. Osborne, another witness for petitioner, vaguely remembered him falling and everybody laughing. Mr. Royce, who also testified on behalf of petitioner, stated that he vaguely remembers the accident and everyone laughing when Mr. Jack fell.
The petitioner, Mr. Jack, testified that after the meeting, was over, he examined the chair and the support in the rear thereof was missing and one of the hinges where the chair hinges in order to be opened and closed was also absent.
In the course of time following the accident, petitioner’s hip began to pain him but he thought it would get better, and as time went on as it was not getting any better, he finally reported to see Dr. Campanella some eight months following the accident. He further testified that he did not report the accident to the motel officials and, therefore, the first knowledge they had of the accident was on the filing of suit, which was just before the running of prescription.
The crucial question to be answered in this case is whether or not there was an accident, and if so, was there a defect in the chair of such a nature that through the exercise of reasonable care it should have been discovered by the agents and employees of the Oak Manor Motel.
It was the opinion of the Lower Court that the petitioner failed to sustain the burden of proof necessary to recover and failed to prove his case by a fair preponderance of the evidence. The Trial Court pointed out that all of plaintiff’s actions made petitioner “the author of his own failure to prove his case”. That is, the petitioner did not report the alleged accident, petitioner did not consult a physician until eight months after the alleged date of the accident, petitioner did not personally examine in detail the chair that he allegedly was attempting to sit on when he fell, nor did he have anyone else in his presence do so in order to substantiate his claim. In other words, there was absolutely no testimony on behalf of petitioner to substantiate and corroborate his claim other than his own unsupported testimony which was vague, indefinite and inprecise as to the existence of any defect at all which would be the basis of a claim against defendants in this case.
Although the Lower Court did say that it believed the testimony of petitioner, it did hold that the petitioner’s testimony was not sufficient in a case of this type to support a judgment in his favor in the absence of some circumstances, witnesses or objective evidence to substantiate or corroborate the existence of the essential facts necessary to predicate liability against defendants. The rules of evidence cast upon the Courts the burden of carefully scrutinizing the testimony and studying in detail the circumstances which might tend to disprove the testimony of the interested litigants standing alone.
The only evidence in the record to the effect that it was a defective chair which caused Mr. Jack’s fall, was that of Mr. Jack himself. It is true that one of his witnesses, Mr. Legier testified that even though he did not examine the chair, it appeared to be bent or broken. It must be remembered, however, .that this was after Mr. Jack, who was then weighing 250 pounds, fell on the chair.
*482 To offset the testimony of Mr. Jack, we have that of the manager of the motel, Mr. Vance Thomas, who testified that his employees were given instructions to inspect the equipment in the hotel such as chairs, tables and other items, and from time to time he put out memoranda to this extent. Mrs. Russ, who was in charge of setting the room on the occasion of the breakfast in question, testified that she set up the tables and chairs with another waitress by the name of Bessie, who was not a witness in Court, that she did make an inspection of the chairs from time to time and removed those that were defective. She further testified that the method in which they opened this particular type of chair was to put their foot on the back of the cross member, which Mr. Jack said was missing, push on it with the foot in order to open the chair and she felt that if the cross member had been missing as was claimed by Mr. Jack, she would certainly have known'it. We must remember, however, that she was not the only person setting up the chairs on this particular day, but that the other waitress, Bessie, was also assisting her.
It is true that in Nettles v. Forbes Motel, Inc., La.App., 182 So.2d 572, recovery was allowed by the petitioner when a stool on which she was standing fell. The defense there was that the owners of the motel had taken reasonable precautions to guard against defective stools or equipment that might injure someone and that they had advised their maids to turn in any defective stools. The Court, in that case, held that the stool must have been obviously loose to one making an inspection of it since it collapsed under a minimal strain, when a woman guest weighing about 107 pounds stood on it. The Lower Court, distinguished the Nettles case from the instant case by stressing that the only evidence of any defect in the chair allegedly used by Mr. Jack was Mr. Jack’s own uncorroborated testimony.
A hotel is not an insurer of the safety of its guests, it only owes its guests a duty of ordinary care to keep premises in a reasonably safe condition, Nettles v. Forbes Motel, Inc. (supra); DeLatour v. Roosevelt Hotel, La.App., 1 So.2d 353. In the DeLatour case, the Court said:
“The law of the case is well settled and the issues presented for our determination involve chiefly questions of fact. Since it is conceded by the defendants that the plaintiff was a patron of the hotel and occupied the status of an invitee, the hotel owed to him a duty of ordinary care to keep its premises in a reasonably safe condition.”
The innkeeper, however, is not an insurer of the safety of its patrons but must only exercise reasonable and ordinary care. 43 C.J.S. Innkeepers § 22, page 1180, provides :
“The innkeeper’s liability has been limited to injuries resulting from defects in the premises which are known to him or which in the exercise of reasonable care he would discover; and he has been said to be chargeable with all injuries occurring to his guests from latent defects in the premises.”
We find no error in the decision of the Lower Court in holding that the petitioner failed to show that there was a defect in the chair prior to or at the time that he fell. Certainly such is the case in view of the fact that there was evidence introduced by the defense to the effect that reasonable care was taken by defendants. The testimony of petitioner to the effect that there was a defect in the chair prior to his falling stands alone and is without the support of any corroboration whatsoever.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal shall be paid by petitioner.
Judgment affirmed.