HOOD, Judge.
This is an action for damages for personal injuries sustained by plaintiff when he fell while occupying a room in a motel owned and operated by The Candlelight Inn. The suit was instituted by Eric G. Williams against The Candlelight Inn, a partnership, and its insurer, Aetna Casualty and Surety Company. The case was tried by jury, with the result that a verdict was rendered for plaintiff, awarding him $2,000.00. A decree was signed by the trial court in accordance with that verdict.
Plaintiff appealed, contending primarily that the amount of the award should be increased. Defendants answered the appeal, contending that the trial court erred in finding that the defendant motel owner was negligent, or alternatively, in failing to find that plaintiff was barred from recovery by his own contributory negligence.
The issues presented are: (1) Was the defendant motel operator negligent? (2) Is plaintiff barred from recovery by his own contributory negligence? and (3) Should the amount of the award be increased ?
The evidence shows that plaintiff, a resident of Texas, registered as a paying guest at The Candlelight Inn Motel in Lake Charles, on March 14, 1967. He spent several hours in his room that evening reading and watching television. During most of that time he sat in a cushioned chair which had been provided by the motel for the use of guests occupying that room. At about midnight, as he turned in the chair to lay a book on the bed, the chair collapsed causing plaintiff to fall a distance of about 18 inches to the floor. He stated that the lower part of his back struck the floor, and that his head struck a rung on the back of the chair. He remained on the floor for 25 or 30 minutes, and then he got up and went to bed. He testified that he experienced pain in his lower back throughout the night, and that the pain was still present the following morning.
On the morning of March 15, plaintiff consulted an attorney who recommended that he see a doctor and that he arrange to have pictures taken of the chair. Williams immediately consulted Dr. Wilson D. Morris, of Lake Charles, and he engaged a professional photographer to make photographs of the chair that morning. He then reported the accident to the manager of the motel at about 2:00 or 3:00 p. m. on March 15, 1967.
*550 The photographs taken by the photographer reveal that the chair was constructed of wood, that some' of the screws which held it together had pulled loose, that some of the wooden parts of the chair had split, that the back of the chair had become completely separated from the seat, arms and legs, and that at least two of the legs had spread out allowing the seat to drop to the floor. The evidence shows that there were cushions on the seat and back of the chair when the accident occurred, although plaintiff testified that there was no cushion under him when he fell.
At the time the accident occurred, The Candlelight Inn had in its employment a full time maintenance man to keep the motel and the furniture in good condition. The manager of the motel also had instructed all employees to remove defective pieces of furniture from the rooms and if possible to have them repaired. If they couldn’t be repaired the instructions to the employees were to replace the defective items with furniture that would be secure.
A motel operator owes a duty to an invitee or a business guest to exercise reasonable care for his safety and to keep the motel premises in a reasonably safe condition. De Latour v. Roosevelt Hotel, 1 So.2d 353 (La.App.Orl.Cir.1941); Peters v. Great Atlantic & Pacific Tea Company, 72 So.2d 562 (La.App. 2d Cir.1954); Alexander v. General Accident Fire and Life Assurance Corp., 98 So.2d 730 (La.App. 1st Cir. 1957); Simmons v. American Universal Insurance Company, 124 So.2d 193 (La.App. 4th Cir.1960) ; Nettles v. Forbes Motel, Inc., 182 So.2d 572 (La.App. 1st Cir.1966); Caruso v. Aetna Insurance Company, 186 So.2d 851 (La.App. 1st Cir. 1966). Plaintiff in the instant suit was an invitee or a business guest of the motel when this accident occurred.
In Alexander v. General Accident Fire & Life Assurance Corp., supra, the court said:
“An invitee is a person who goes on the premises with the express or implied invitation of the occupant on the business of the latter or for their mutual advantage; and to him, the duty owed is that of reasonable and ordinary care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger.”

“As a general rule [the host] ‘is not liable for an injury to an invitee resulting from a danger which was obvious or should have been observed by the invitee in the exercise of reasonable care, or from a condition which was as well known or as obvious to the invitee as to the invitor,’ Crittenden v. Fidelity & Cas. Co., La.App. 2 Cir., 83 So.2d 538, 540.”
In Nettles v. Forbes Motel, Inc., supra, the plaintiff, who was a guest in the defendant motel, was injured when she fell from a dressing table stool on which she was standing. The First Circuit Court of Appeal, in holding that the motel operator was negligent and thus liable in damages, said:
“Forbes testified that no precautions were taken relative to the stools except to advise the maids who cleaned the rooms to report and turn in any defective stools. The stool in this case must have been obviously loose to one making an inspection of it, since it collapsed under a minimal strain. Such a defect as this should have been discovered in the exercise of reasonable care by Forbes Motel, Inc., or its agents or employees.”
In the instant suit, the photographs in the record show that the chair came apart in a number of places. It was subjected to only a minimal amount of strain, and yet it collapsed completely. The evidence shows, therefore, that the chair was defective and unstable. The jury obviously concluded, as did the court in the Nettles case, that the chair “must have been obviously loose to one making an inspection of it, since it col *551 lapsed under a minimal strain.” We cannot say that the jury erred in reaching that conclusion.
We find that the defendant motel keeper was negligent in failing to maintain the premises in a reasonably safe condition, and particularly in failing to discover the defective condition of the chair and repair it before the accident occurred. The defendant’s negligence in that respect was a proximate cause of the accident.
Defendants alleged, however, that plaintiff is barred from recovery by his own contributory negligence in misusing the chair and in failing to notice the defects in it before the fall occurred. The evidence does not show that the chair was misused in any way. And, we think plaintiff was not negligent in failing to notice the defective condition of the chair. We thus find no merit to the argument that Williams is barred from recovery by his own contributory negligence.
There is no inconsistency between our finding that the motel keeper was negligent in failing to discover the defective condition of the chair and our subsequent holding that plaintiff is free from negligence in failing to observe the same condition. The reason is that the motel keeper is under a duty to keep the premises in a reasonably safe condition, and that includes a duty to make reasonable inspections to see that the furniture and fixtures in the room are safe. The guest is under no duty to inspect the furniture and fixtures as to their safety before using them, although he is required to guard against dangers which are “obvious” or which should be “observed” by him in the exercise of reasonable care. We think the defective condition of the chair in this case was such that it would have been discovered upon a reasonable inspection, but that it was not so obvious that the guest should have observed it in the ordinary use which he made of the furniture in his room.
Our conclusion, like that of the trial court, is that defendants are liable to plaintiff for the damages which he sustained as a result of this accident. We turn now to the question of whether the amount of the award should be increased.
Plaintiff was treated by Dr. Morris, a general practitioner, on March 15 and 16, 1967, and he was treated by Dr. J. T. Dabney, also a general practitioner, for an additional period of about 12 weeks. Neither of these treating physicians testified at the trial. He later was examined and treated by Dr. Mary Ruth Jackson, an orthopedic surgeon, and he was examined by Dr. Norman P. Morin and by Dr. T. A. Norris, both of whom also are orthopedic surgeons. All three of these specialist testified either in person or by deposition.
Mr. Williams was 58 years of age when the accident occurred. He testified that immediately after he fell he experienced pain in his back, from the base of his neck to the base of his spine. The neck pains have subsided somewhat, although he says he still has occasional neck pains. He stated that he has pain in his back which “comes and goes,” that his hips and legs are stiff and that he thus has trouble in walking and in driving his car long distances. He is a minister and he also works for a collection agency. He testified, “I have been able to be in the pulpit every Sunday * * * sometimes with difficulty,” and that he has lost no earnings from either occupation except for the actual time he spent taking outpatient therapy treatments. He also stated, "I am able to do my work as long as I don’t overtax myself.”
The evidence shows that plaintiff has had trouble with his back for many years, beginning as far back as 1934. In 1942 he received a medical discharge from the army, after being in military service only 34 days, because of arthritis in the spine. He was hospitalized for his back while in the army, and he stated that his back continued to bother him for about one year *552 after his discharge. In 1961 he sustained an injury to his neck as the result of an automobile accident. He retained an attorney, and he entered into a compromise settlement of his claim about two weeks after the accident occurred. He testified that he fully recovered about two weeks after the compromise settlement was effected, and that he had no further trouble with his back until this accident occurred.
The orthopedic surgeons agree that plaintiff sustained a sprain of the low back area, and that he had a pre-existing arthritic condition of the back. They disagree, however, as to the extent of the injury which he sustained on March 14, 1967, and as to whether there is any causal connection between the accident and his present complaints. Dr. Jackson, for instance, feels that as a result of the accident plaintiff has sustained a 25 percent “permanent partial disability” of the body as a whole. Dr. Norris, who examined plaintiff ten months after the accident, felt that with conservative treatment plaintiff would fully recover, although he conceded that “it wouldn’t be unreasonable to say that another ten or twelve months could logically be required.” He also acknowledged that he could not “rule out” the possibility of some permanent disability, depending on how he responds to the treatment. Dr. Morin, who examined plaintiff twice, the last examination being made 18 months after the accident, testified that as of his last examination plaintiff “has no evidence of residual damage from the injury.” He stated that x-rays revealed that there has been no aggravation of plaintiff’s arthritic condition as a result of the accident, and that he disagrees with Dr. Jackson that Williams has a 25 percent permanent partial disability.
After considering all of the evidence, we have concluded that there has been no abuse of the discretion which is vested in the judge and jury in making an award of $2,000.00 in this case.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.