301 So.2d 336 (1974)
Wilda J. PEAR, wife of/and Thomas J. Pear
v.
LABICHE'S INC. and the Travelers Insurance Co.
No. 54518.
Supreme Court of Louisiana.
October 11, 1974.
*337 Carl J. Barbier, Badeaux, Discon & Cumberland, New Orleans, for plaintiffs-applicants.
Herschel L. Abbott, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants-respondents.
SUMMERS, Justice.
On August 29, 1970, Wilda Pear, accompanied by her mother, sister, brother-in-law, and her two small children went to Labiche's store to purchase a stove. After selecting it, Mrs. Pear was asked to fill out certain credit application forms and write a check for the down payment. To provide accommodations for this writing, the salesman, Gaston B. Borne, invited Mrs. Pear to sit on a metal folding chair near his desk. At the time Mrs. Pear was holding her two-year-old son, and when she sat down she had him in her lap.
When the application form and check were written, she handed them to Borne who went to process the transaction in the credit department. Soon thereafter, the chair on which Mrs. Pear was sitting collapsed. She fell in a sitting position and as a result injured her lower back and right hip.
Mrs. Pear and her husband sued defendants for damages, personal injuries and medical expenses. Recovery was denied in the trial and appellate courts, La.App., 288 So.2d 380, after which plaintiffs' application for review was granted in this Court. La., 290 So.2d 907.
Two conclusions are indisputable from the facts: The defendant owed a duty of reasonable care to the plaintiff to provide a safe place to shop, view the merchandise and close the transaction once the purchase was agreed upon. This much is fundamental in our law. And, obviously, plaintiff was injured by the collapse of the chair furnished her by the salesman. The proof of her injury is direct and positive.
There is no evidence supporting defendant's claim that plaintiff was guilty of contributory negligence.
We find the record also establishes that the metal folding chair involved in the accident was always in the exclusive possession and control of the defendant. No third person not connected with the store was responsible for the faulty condition of the chair. Agents and representatives of the defendant were responsible for its care and maintenance. It was furniture provided for the convenience and comfort of customers.
No evidence was produced that any inspection of the chair had been made by Labiche prior to the accident. Borne, Labiche's salesman, candidly testified that although the chair had been in use at his desk for at least one year he had never inspected the chair, and to his knowledge no one else had inspected it. Following the accident, Borne turned the chair over to the superintendent of Labiche's maintenance department. Unfortunately, defendant failed to produce the chair at the trial or to call the maintenance superintendent to testify to the chair's condition.
The only evidence bearing upon the chair's condition or the reason for its collapse was the testimony of Gerald Swancon, *338 Mrs. Pear's brother-in-law. He was present when the chair collapsed and immediately inspected it afterwards. He testified, "The rivet in the brace in the back that controls the action of the chair was worn out, actually broken in two." He further testified that the rivets were, "Severely worn, to the point they gave away."
A plausible conclusion fairly drawn from these facts is that this accident ordinarily would not occur in the absence of negligenceeither in using the chair for a longer period of time than its design and construction warranted in a busy store or in failing to make proper and timely inspection to discover its defect. Maus v. Broderick, 51 La.Ann. 1153, 25 So. 977 (1899); Malone, Res Ipsa Loquitur and Proof by InferenceA Discussion of the Louisiana Cases, 4 La.L.Rev. 70(1941).
Chairs are designed to hold their occupants, not to collapse, and, in the absence of negligence this accident would not have occurred. Clearly, this chair was not expected to collapse while being subjected to its intended use in the normal and customary manner. Williams v. Candlelight Inn, 224 So.2d 548 (La.App.1966).
In our opinion this is a proper case for the application of the doctrine of res ipsa loquitur as recognized in Larkin v. State Farm Mutual Automobile Insurance Co., 233 La. 544, 97 So.2d 389 (1957). There the rule was stated as follows:
"A determination of a proper instance for application of the principle of res ipsa loquitur has been the subject of volumes of discussion by learned jurists and legal scholars, who have been at pains to point out that the maxim means only that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that the rule rests for its justification upon the common experience that accidents from such causes do not commonly occur in the absence of negligence; and that it is the lack of direct evidence indicating negligence on the part of the defendant as the responsible human cause of a particular accident which actually furnishes the occasion and necessity for invoking the rule in its strict and distinctive sense. It is generally conceded that res ipsa loquitur in no way modifies the rule that negligence will not be presumed. The application of the rule does not, therefore, dispense with the necessity that the plaintiff prove negligence, but is simply a step in the process of such proof, permitting the plaintiff, in a proper case, to place in the scales, along with proof of the accident and enough of the attending circumstances to invoke the rule, an inference of negligence, thereby obtaining an advantage and placing on the defendant the burden of going forward with proof to offset that advantage. When all the evidence is in, the question is still whether the preponderance is with the plaintiff. All that is meant by res ipsa loquitur is `that the circumstances involved in or connected with an accident are of such an unusual character as to justify, in the absence of other evidence bearing on the subject, the inference that the accident was due to the negligence of the one having control of the thing which caused the injury. This inference is not drawn merely because the thing speaks for itself, but because all of the circumstances surrounding the accident are of such a character that, unless an explanation can be given, the only fair and reasonable conclusion is that the accident was due to some omission of the defendant's duty.'"
The Larkin rule has sometimes been explained. In Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972), we said: "This is simply another formulation of the burden of a plaintiff in a tort action to prove that, more probably than not, his injury was caused by the negligence of the defendant." See also Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276 (1964); Pilie v. National Food Store, 245 La. 276, 158 So.2d 162 (1963).
*339 Labiche offered no evidence other than the testimony of its salesman, Borne, who shed no light on the care Labiche exercised to protect its customers from injury by collapse of the faulty chair. The inference drawn from the failure to explain the accident's cause, together with the facts and circumstances of this case, is that the store did not exercise proper care. As a result, Labiche violated its duty to its customer. Having disposed of the controversy on the basis of res ipsa loquitur, it is unnecessary to discuss plaintiff's contention that recovery should be based on strict liability.
For the reasons assigned, the judgment of the trial and appellate courts denying recovery to the plaintiffs is reversed and set aside. Since no determination of quantum has yet been made by either court, the case is remanded to the Court of Appeal, Fourth Circuit, with instructions to determine quantum and render judgment accordingly in favor of plaintiffs.