GULOTTA, Judge.
This is a suit brought by plaintiffs to recover medical expenses and general damages as a result of injuries sustained by the wife in an accident at Labiche’s Department Store. The trial court dismissed the suit and we affirmed. Pear v. Labiche’s Inc., 288 So.2d 380 (La.App. 4th Cir. 1974). The Supreme Court granted certiorari,[1] reversed and remanded to this court for the purpose of setting quantum.[2]
*741 The plaintiff wife was injured on August 29, 1970 at Labiche’s Department Store when a metal folding chair in which she was sitting collapsed while she was waiting for her credit application to be processed. On that date, the plaintiff was seen at Mercy Hospital by Dr. Santo Lo-Coco, an orthopedic surgeon, who found that the plaintiff had sustained a contusion of the sacrum with accompanying tenderness and swelling. He prescribed pain killing muscle relaxants and recommended that plaintiff restrict her activities, and return in one week if her symptoms had not subsided.
Mrs. Pear was again seen by Dr. Lo-Coco on September 11, 1970, at which time she complained of severe low back pain. X-rays taken of the sacrum including the pelvis and both hips disclosed no evidence of fracture, dislocation, or other bone or joint pathology. Dr. LoCoco indicated that plaintiff still had tenderness overlying the sacrum but discerned no objective neurological findings. Plaintiff was advised to continue to restrict her activity and to continue the use of muscle relaxants.
Mrs. Pear returned to Dr. LoCoco on October 2, 1970 at which time she stated that her condition had improved but that she continued to suffer pain in the buttocks and tenderness on the posterior part of the thigh.
On October 30, 1970, Dr. LoCoco discharged plaintiff after she stated that she was experiencing very little pain.
However, because of reoccurrence of pain overlying the right sacroiliac joint, Mrs. Pear returned to Dr. LoCoco on November 19, 1970. Examination revealed tenderness in the lower back area. Plaintiff was advised to continue taking medication and to apply heat to her back. Dr. LoCoco also recommended that plaintiff start performing certain prescribed exercises.
On December 17, 1970, Dr. LoCoco stated that plaintiff had indicated her condition had improved.
It should be noted that after the subsequent birth of a child, the plaintiff returned, on January 6, 1972, to Dr. LoCoco with similar complaints of low back pain. However, Dr. LoCoco could not connect this complaint with the accident.
It is Dr. LoCoco’s opinion further that plaintiff suffered a six week total disability resulting from the sacroiliac sprain and a contusion of the sacrum. He did not anticipate any permanent residual disability.
Mrs. Pear testified that she could not lie or sit on her right hip for any length of time without experiencing pain. She indicated this condition persisted until the date of the trial.[3] She also testified that she was unable to do anything, i. e., housework or taking care of her children, for at least five weeks after the accident.
The award of damages in each case must be determined by its own facts and circumstances. See Boutte v. Hargrove, 290 So.2d 319 (La.1974). Awards in other cases only serve as an aid, and do not rivet any steel frame of uniformity. See Revon v. American Guarantee & Liability Ins. Co., 296 So.2d 257 (La.1974).
From our review of the record, we determine that an award of $2,000.00 in addition to the stipulated damages of $106.-00 in medical bills, $10.00 in emergency room fees, and $6.60 for medicine is adequate. We also determine that the expert witness fee in the sum of $100.00 is not excessive.
Accordingly, judgment is now rendered in favor of plaintiff, Thomas J. Pear, and against defendants, Labiche’s Inc. and Phoenix of Hartford Insurance Company,[4] in solido in the sum of $122.60 with interest from date of judicial demand until *742 paid. Judgment is rendered in favor of plaintiff, Mrs. Wilda J. Pear and against defendants, Labiche’s Inc. and Phoenix of Hartford Insurance Company in solido in the sum of $2,000.00 with interest thereon from date of judicial demand until paid. Costs, including the expert’s fees in the sum of $100.00, are to be paid by defendants.

. See Pear v. Labiche’s Inc., 290 So.2d 907 (La.1974).

. See Pear v. Labiche’s Inc., 301 So.2d 336 (La.1974).

. March 27, 1973.

. By stipulation, the proper insurance carrier is Phoenix of Hartford Insurance Company instead of Travelers Insurance Company. Travelers had issued the policy; however, subsequently Travelers was taken over by Phoenix of Hartford.