MORIAL, Judge.
On June 16, 1973 between 8:00-8:30 A. M. plaintiff entered Dorothy’s Steak House and Bar for a cup of coffee. As she sat on a high wooden (bar) stool the front legs collapsed causing plaintiff to lose her balance and fall backward. She attempted to break her fall and injured her right wrist. Plaintiff was treated at Charity Hospital. Her injury failed to heal. She was seen by Dr. G. Gernon Brown on July 12, 1973. He diagnosed her injury as carpal tunnel syndrome. Dr. Brown performed corrective surgery at Touro Infirmary.
After trial, during which the stool was placed in evidence, the district court found:
“The wood forming the joint where the legs joined the seat is fresh and clean, evidencing a recent break, while the joints where the rung had been attached to the legs appear dirty and greasy, evidencing that the rung had become detached some time before. * * *”
The district court rendered judgment for the plaintiff in the amount of $13,217.80. We affirm.
Defendant argues that: (1) the instant case is distinguishable from Pear v. LaBiche’s, Inc., 301 So.2d 336 (La.1974); and (2) it was an abuse of discretion by the district court to award $5,000.00 for temporary loss of earning capacity.
The district court’s findings are contrary to the testimony in behalf of the defendants and apparently based on the disbelief of the district court that the stool had been inspected by the defendants. Our review of the record and our inspection of the stool convinces us that there is no manifest error in the conclusions of the district court. Absent the district court’s belief that the stool was inspected this case is controlled by the principles of law en-nunciated in Pear, supra.
The uncontradicted testimony of the plaintiff and her treating physician, Dr. G. Gernon Brown, reasonably supports the district court’s award for temporary loss of earning capacity at $5,000.00. See LSA-R.C.C. Article 1934(3); Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151, 154-155 (1971); Fox v. State Farm Mutual Automobile Insurance Co., 288 So.2d 42 (La.1974).
Affirmed.